Memorandum. The judgment of the Appellate Division is reversed, with costs, the determination of the Tax Commission is confirmed, and the petition is dismissed. Petitioner, president of the now defunct Allcrete Corporation, received a notice of deficiency from the New York State Income Tax Bureau for employee withholding deductions which were reported but not remitted to the bureau. Petitioner filed an application for redetermination and a formal evidentiary hearing was held. The hearing officer found that petitioner was the corporate officer responsible for withholding employee income taxes and for filing the appropriate reports with the bureau. It was also found that taxes were withheld from salaries and wages of employees of the corporation for the period July 1, 1965 through December 31, 1965. On or about January 31, 1966 petitioner filed with the bureau a semiannual report of income tax withheld, amounting to $3,986.10, but made no remittance. Subdivision (g) of section 685 of the Tax Law provides: "Any person required to collect, truthfully account for, and pay over the tax imposed by this article who willfully fails to * * * truthfully account for and pay over such tax * * * shall * * * be liable to a penalty equal to the total amount of the tax”. Under this provision a person responsible for collecting and paying taxes withheld from employees’ wages is liable for a 100% civil penalty if he willfully fails to collect and pay over the tax. Petitioner argues that he did not "willfully” fail to pay the tax because the financial plight of the corporation was so deplorable that the necessary funds were not available and he was merely unable to pay.
No prior New York authorities have defined "willful” as used in this statute. Prevailing Federal opinion, in interpreting a similar Internal Revenue Code provision (US Code, tit *34 26, § 6672) appears to hold that the test is whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes (see, e.g., Hartman v United States, 538 F2d 1336, 1341; Sorenson v United States, 521 F2d 325, 328; Kalb v United States, 505 F2d 506, 511, cert den 421 US 979; White v United States, 372 F2d 513, 521; Horwitz v United States, 339 F2d 877, 878; Dillard v Patterson, 326 F2d 302, 304; Spivak v United States, 254 F Supp 517, 523, affd 370 F2d 612, cert den 387 US 908; Melillo v United States, 244 F Supp 323, 327; 22 ALR3d 8, 24 et seq.). No showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required (see, e.g., Hartman v United States, supra; Kalb v United States, supra; Bloom v United States, 272 F2d 215, 223, cert den 363 US 803; 22 ALR3d 8, 24 et seq.). Section 607 of the Tax Law provides that "Any term used in this article shall have the same meaning as when used in a comparable context in the law of the United States relating to federal income taxes” and therefore we adopt the Federal definition of "willful” as so defined.
In the evidentiary hearing before the commission the petitioner has the burden of proving the deficiency assessment improper (Tax Law, § 689, subd [e]), and if there are any facts or reasonable inferences from the facts to support the commission’s determination, the assessment should be confirmed (Matter of Great Lakes Dredge & Dock Co. v State Tax Comm., 39 NY2d 75, 80; Matter of Grace v New York State Tax Comm., 37 NY2d 193, 195-196; Matter of Young v Bragalini, 3 NY2d 602, 605; People ex rel. Hull v Graves, 289 NY 173, 177). The employer was obligated to withhold employee income taxes (Tax Law, § 671) and petitioner, by his own admission, was the corporate officer responsible for these deductions. Any money actually deducted was required to be held as a "special fund in trust for the tax commission” (Tax Law, § 675). Petitioner, fully aware that the money was required to be turned over to the State, testified that he knew deductions were made but never created a separate trust account. Thus, the record contains sufficient evidence to sup-' port a finding that petitioner willfully failed to pay the tax within the meaning of section 685 of the Tax Law in that he knowingly, deliberately and voluntarily disregarded his obligations under the statute. The fact that the money was unavail *35 able for remittal in January, 1966 does not aid the petitioner since it was required that the money be set aside when the deductions were made during the last six months of 1965. The determination of the commission must be sustained.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Judgment reversed, etc.