In the Matter of IRVING MALKIN, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.

Third Department, December 28, 1978

APPEARANCES OF COUNSEL

*Arthur Chodosh* for petitioner.

*Louis J. Lefkowitz, Attorney-General (Hastings Morse* and *Ruth Kessler Toch* of counsel), for respondent.

## OPINION OF THE COURT

SWEENEY, J. P.

There is substantial agreement as to the following pertinent facts. In 1969 petitioner became affiliated with two others, Lane and Bartolucci, and formed LBM Lithographers, Inc. (LBM). Petitioner owned 50% of the stock and a corporation owned by the other two owned the other 50%. Petitioner was

the president of LBM. He could sign corporate checks if countersigned by either Lane or Bartolucci. Petitioner, as president, signed the two New York State tax forms for the period covering the assessment in question. Neither form was accompanied by a remittance. Thereafter, respondent made a deficiency assessment of personal income taxes in the sum of approximately $9,000. After a requested hearing the notice of deficiency was sustained. This CPLR article 78 proceeding ensued and was subsequently transferred to this court.

Petitioner raises three issues in this proceeding, urging annulment. He maintains that the respondent has failed to show that the notice of deficiency was mailed to him; that he was not a "person" required to collect and pay over withholding taxes due for a corporation, and that he did not "willfully" fail to collect and pay over the taxes due.

■ The statute provides that a notice of deficiency shall be mailed by certified or registered mail to the taxpayer (Tax Law, § 681, subd [a]). This issue, however, was not raised before the hearing officer. The only reference to the mailing of the notice of deficiency was petitioner's answer "I honestly don't recall" to a question inquiring whether he had received a letter dated April 3, 1975 (notice of deficiency). As a general rule objections not raised at the hearing or board level may not be raised for the first time in the application for judicial review (see *Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment,* 60 AD2d 356, 359). Petitioner's reliance on *Matter of MacLean v Procaccino* (53 AD2d 965) is misplaced since in that case there was no administrative hearing and the petitioner was raising the issue at the first opportunity. Consequently, the issue raised here for the first time will not be considered in this proceeding.

■ ■ As to the second issue, the pertinent statute provides that "[a]ny person required to collect, truthfully account for, and pay over the tax imposed" who willfully failed to collect or pay over such tax shall be liable to a penalty equal to the amount of the tax evaded (Tax Law, § 685, subd [g]). Subdivision (n) of the same section defines the term "person" to include, *inter alia,* an officer or employee of a corporation who "is under a duty to perform the act in respect of which the violation occurs." Such an issue is a factual one and, while we find no New York case on point, the question has been examined by the Federal courts in considering similar language in subdivision (b) of section 6671 of the Internal Reve-

nue Code (US Code, tit 26, § 6671, subd [b]). Factors therein considered important were whether the petitioner signed the tax return *(Cushman v Wood,* 149 F Supp 644), derived a substantial part of his income from the corporation *(Campbell v Nixon,* 207 F Supp 826), or had the right to hire and fire employees *(Koegel v United States,* 437 F Supp 176, 181). While no one factor is controlling, all must be considered. In our review we must bear in mind that petitioner has the burden of overcoming the assessment *(Matter of Minkin v State Tax Comm.,* 60 AD2d 420, 422, affd 45 NY2d 991), and unless the tax commission's determination is shown to be erroneous, arbitrary or capricious it should not be disturbed *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 195-196). An examination of the instant record establishes that petitioner was the president of the corporation, was authorized to sign checks, signed the tax forms in question, owned 50% of the stock, and hired the employees in the press department. Viewing this record in its entirety, we are of the opinion that respondent could reasonably and properly conclude that petitioner was such a "person" within the meaning of the statute. Petitioner's statement that he did not participate in the management of the business, without supporting proof, fails to meet his burden that he, in fact, did not have such authority.

In his final contention, petitioner argues that he did not willfully fail to collect and pay over the taxes due and, therefore, he should not be subjected to the penalty imposed by subdivision (g) of section 685 of the Tax Law. In defining "willful" as used in this statute, the Court of Appeals recently adopted the Federal criterion used in interpreting a similar Internal Revenue Code provision (US Code, tit 26, § 6672) stating that the test is whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds will be used for other purposes *(Matter of Levin v Gallman,* 42 NY2d 32, 34). The court further stated that no showing of intent to deprive the government of its money is necessary, only something more than accidental nonpayment is required *(supra,* p 34). In light of these principles petitioner cannot avoid liability by failing to concern himself with whether the taxes were being paid. There is substantial evidence in the record to support respondent's determination and we should not disturb it *(Matter of Liberman v Gallman,* 41 NY2d 774).

The determination should be confirmed, and the petition dismissed, without costs.

KANE, STALEY, JR., MAIN and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, without costs.