◼    In the Matter of JAMES MacLEAN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioner's application for the redetermination of a deficiency assessment of personal income taxes for the years 1966 and 1967. Petitioner, an expert in stone erection contracting, operated his own business, James MacLean Construction Corporation. In the early 1960's, he started phasing out his own business in order to devote more time to the operation of a farm that he owned in Columbia County. In 1962, petitioner's son Donald formed the MacLean Construction Corporation (hereinafter corporation). Petitioner was employed by the corporation during 1966 and 1967 as supervisor of the stone erection for the Ford Foundation Building in New York City, one of two projects in which the corporation was involved. Due to the fact that the corporation underbid this job, it soon ran into financial difficulties. The corporation failed to pay to respondent the employee withholding taxes due for 1966 and 1967 as required by section 674 of the Tax Law. This resulted in the respondent taking action against petitioner individually under subdivision (g) of section 685 of the Tax Law to collect as a penalty the amount of the taxes unpaid, which exceeded $17,000. Following a hearing, the notice of deficiency against petitioner was sustained. This CPLR article 78 proceeding ensued and subsequently was transferred to this court. Subdivision (g) of section 685 of the Tax Law provides that "Any person required to collect, truthfully account for, and pay over the tax imposed * * * who willfully fails to collect such tax or truthfully account for and pay over such tax * * * shall * * * be liable to a penalty equal to the total amount of the tax evaded". Subdivision (n) of the same section defines the term "person" to include "an officer or employee of any corporation * * * who * * * is under a duty to perform the act in respect of which the violation occurs." Petitioner in this proceeding maintains that he is not a "person" required to collect and pay over withholding taxes due from the corporation and, even if found to be such a "person", that he did not "willfully" fail to collect and pay over the taxes due. This court recently held in *Matter of Malkin v Tully* (65 AD2d 228) that the question of whether or not someone is a "person" required to collect and pay over withholding taxes is a factual one. Factors which should be considered are whether the petitioner signed the tax return, derived a substantial part of his income from the corporation, or had the right to hire and fire employees *(id.).* In the instant case, the record

discloses that, although petitioner did not own any stock in the corporation nor contribute any capital thereto, he did have authority to hire employees for the project he was supervising and derived the major portion of his taxable income for 1966 and 1967 from the corporation. Petitioner was also authorized to sign corporate checks and received a salary from the corporation during the years in question equal to that paid his son Donald, the president and sole stockholder. A determination of the Tax Commission should not be disturbed unless shown to be erroneous, arbitrary or capricious (Matter of Liberman v Gallman, 41 NY2d 774, 777; Matter of Grace v New York State Tax Comm., 37 NY2d 193, 195-196), and we believe that the respondent was not unreasonable in finding that petitioner was a "person" within the meaning of section 685 of the Tax Law. Turning to whether or not petitioner willfully failed to collect and pay over the withholding taxes due, the test to determine willfulness is "whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes" (Matter of Levin v Gallman, 42 NY2d 32, 34). The term "willful" does not require an intent to deprive the Government of its money, but only something more than accidental nonpayment (id.). Knowledge that withholding taxes have not been remitted and a failure to investigate or correct this mismanagement of corporate funds is enough to constitute willful conduct (Kalb v United States, 505 F2d 506, 511, cert den 421 US 979; see Hartman v United States, 538 F2d 1336, 1341). Respondent could reasonably infer that petitioner, who was supervisor of the underbid project with authority to write checks and hire personnel, was aware that the withholding taxes were not being paid. Since the burden of proof is on the taxpayer to prove a tax assessment improper (Tax Law, § 689, subd [e]) and there is no evidence in the record indicating that petitioner did not have knowledge that the corporation's withholding taxes were not being paid, respondent's determination should be upheld. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Kane and Main, JJ., concur.

Mikoll and Herlihy, JJ., dissent and vote to annul in separate memoranda as follows: Mikoll, J. (dissenting). I respectfully dissent. An examination of the record reveals that petitioner did not sign any corporate tax returns, kept no payroll records nor time sheets, owned no stock in the corporation, contributed no capital to the corporation and did not hold himself out to be an officer of the corporation. Petitioner was listed by his son on a letterhead on a 1965 corporate tax return and on an application for a corporate bank account as treasurer of the corporation. However, petitioner did not sign any of these documents, nor was it shown that he knew of the acts of his son in so listing him. The proof was that petitioner was authorized to sign checks for the purpose of seeing that the men were paid on time in the event his son, the owner of the corporation, was not available. Donald MacLean testified that petitioner never had anything to do with the fiscal operation of the business. It was a one-man operation and Donald ran it. "A 'responsible person' has been defined as one who has the final word as to what bills should or should not be paid. Or, in more general terms, a 'responsible' person is one who is so connected with the business as to exercise full authority over financial affairs, and therefore to be ultimately responsible for the decision as to payment of the tax." (Koegel v United States, 437 F Supp 176, 180.) The evidence before the Tax Commission does not lead to the conclusion that petitioner is a "responsible person" as defined in Federal case law (Adams v United States, 504 F2d 73, 75; Burack

*v United States,* 461 F2d 1282, 1291; *Dudley v United States,* 428 F2d 1196, 1201; *White v United States,* 372 F2d 513). While petitioner did some limited hiring and had authority to sign pay checks in the absence of his son, there was no probative evidence that petitioner had the requisite actual authority over the financial affairs of the corporation. The acts of his son in designating him treasurer without his consent and knowledge are not his acts. The hiring done by petitioner was but the exercise of his duties as a supervisory employee. That there was similarity in the amount paid each individual is equivocal, especially in view of the expertise of petitioner in the stone erection business. The fact that petitioner was an incorporator is of no significance since it gives no indication of the extent, if any, of his interest in the new corporate business. The law then in existence required three persons to incorporate even though only one had sole ownership of the business. Upon the evidence in this record, it appears that the conclusions of the Tax Commission are not based on reasonable inferences drawn from proven facts but on suspicion, surmise and conjecture. The determination of the Tax Commission, therefore, is unreasonable and irrational and should be annulled.

Herlihy, J. (dissenting). I dissent on the ground that under the statute there is no showing of actual willfulness on the part of the petitioner.