■ In the Matter of AGNES M. McHUGH et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78

(transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioners' application for the redetermination of deficiency assessments of personal income taxes against them personally with respect to the business of two corporations in which they were both officers and shareholders. Neff Lathing Company, Incorporated (Neff) was the parent company of Moreton Contracting Corporation (Moreton Corp.). Moreton Corp. was incorporated to facilitate the business of subcontracting of construction work carried on by Neff. All bank accounts and assets were in the name of Neff. Lillian Moreton was the president of both corporations and ran them until her death in either July, 1964 or 1965. Petitioner McHugh was secretary-treasurer of both corporations with power to sign checks in 1964 and 1965 together with a brother, Raymond Moreton, and her mother, Lillian Moreton. Petitioner McHugh signed most of the checks since it was she who ran the office. Her brother, petitioner Paul J. Moreton, was vice-president of both corporations. He was the general supervisor of jobs in the field during the 1964-1965 period for both corporations. He collected the moneys due for his workmen from the general contractor from figures calculated by his sister, petitioner McHugh, and paid the workmen. Both corporations failed to pay to respondent the employee withholding taxes due for certain periods of 1964 and 1965. The State Tax Commission held that the petitioners, as officers of Neff and Moreton Corp., were persons required to collect and pay over New York State withholding taxes due from said corporations for the years 1964 and 1965 pursuant to subdivision (n) of section 685 of the Tax Law. A notice of deficiency, totaling $1,123 for January 1, 1965 to March 31, 1965 and $4,081.60 for the period of July 1, 1964 to September 30, 1964 due from the Moreton Corp., was issued against petitioners Agnes M. McHugh and Paul J. Moreton, and a notice of deficiency, totaling $728.10 for the period January 1, 1965 through December 31, 1965, due from Neff, was issued against only petitioner Paul J. Moreton. Petitioners seek review of those determinations in this CPLR article 78 proceeding. Subdivision (g) of section 685 of the Tax Law states that any person required to collect, truthfully account for, and pay over the tax imposed by article 22 of the Tax Law who willfully fails to pay over the tax shall be liable for a penalty equal to the tax evaded. Subdivision (n) of section 685 of the Tax Law defines the term "person" to include, *inter alia,* an officer or employee of a corporation who is under a duty to perform the act in respect to which the violation occurs. Petitioners urge that they are not persons required to collect the tax. It has been held that the question of whether or not someone is a "person" required to collect and pay over withholding taxes is a factual one. Factors determinative of the issue can include whether petitioner owned stock, signed the tax returns, or exercised authority over employees and the assets of the corporation *(Matter of Malkin v Tully,* 65 AD2d 228; *Matter of MacLean v State Tax Comm.,* 69 AD2d 951). In the instant case, petitioner McHugh signed the checks of the corporations and largely ran their business affairs by paying corporate bills, making out the payroll and handling the mail. Petitioner Moreton paid the employees, supervised jobs of the corporations, collected money from the general contractor which he paid to the workmen and was in general charge of attempting to successfully operate the concerns in the field. Each petitioner, together with their brother Raymond, owned one share of stock in the corporations. The remaining stock was owned by their mother. The commission found both petitioners to be "persons" liable under the tax statute. The taxpayer has the burden of overcoming a tax assessment. A

determination of the State Tax Commission will not be set aside unless it is erroneous, arbitrary, and capricious *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). We conclude that the finding of the commission that petitioners were "persons" charged with collecting the tax was not unreasonable. The petitioners contend that they did not willfully fail to pay the taxes and that they should not be subjected to the penalty of subdivision (g) of section 685 of the Tax Law. The term "willful" as used in the statute means an act, default or conduct voluntarily done with knowledge that, as a result, trust funds belonging to the government will be used for other purposes *(Matter of Levin v Gallman,* 42 NY2d 32). Petitioners cannot avoid responsibility by failing to concern themselves and seeing that taxes are being paid when they are obviously in charge of assets of the corporation. Petitioner McHugh calculated and prepared the payrolls and petitioner Moreton collected the money to pay the employees. Their failure to collect withholding taxes and pay them over supports the commission's determination of willfulness which, therefore, should not be disturbed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.