■    In the Matter of JOSEPH F. TAVOLACCI, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained the imposition of a penalty upon petitioner, pursuant to subdivision (g) of section 685 of the Tax Law, for willful failure to account for and pay withholding taxes. There is no dispute as to any material factual issue. The petitioner was the president of Gamma Electrical Contractors and Consultants, Inc. (Gamma) which became bankrupt in 1973. On July 29, 1974 the State Tax Commission issued a statement of deficiency against the petitioner equal to the amount of New York State withholding taxes due from Gamma for the periods May 1, 1972 to June 30, 1972; July 1, 1972 to December 30, 1972 and from January 1, 1973 to June 29, 1973. The statement was issued on the grounds that petitioner was a person required to collect, truthfully account for and pay said taxes under subdivision (g) of

section 685 of the Tax Law and that he willfully failed to do so. Petitioner timely filed a petition for a redetermination of the deficiency and the matter was scheduled for an administrative hearing, at which the petitioner offered no evidence of any kind to dispute the correctness of the amount stated in the deficiency notice. Instead, petitioner merely moved to have the claim dismissed for the failure of the tax bureau to establish Gamma's withholding tax liability. Counsel for the bureau submitted the statement of deficiency, application for redetermination and an internal document which indicated that the amount of the deficiency had been taken from the district office form. Counsel then argued that the notice of deficiency was presumptive evidence of the correctness of the assessment and that the failure of the petitioner to present any evidence to challenge its contents, in effect, constituted a default. Petitioner's counsel concluded otherwise, for after denial of his motion to dismiss, he rested without submitting any testimony and the commission sustained the imposition of the penalty. Review of the statutory provisions governing procedures before the commission demonstrates that where, as here, a taxpayer fails to file a return, the statement of deficiency becomes an unchallengable assessment unless the taxpayer acts in timely fashion to contest it (Tax Law, § 681, subd [b]; see § 682, subd [a]). This is done by the timely filing of a petition pursuant to section 689 of the Tax Law. The latter section makes it then incumbent upon the taxpayer to proceed to demonstrate the incorrectness of the deficiency, for the burden of proof is upon the taxpayer, except under three circumstances not presented here (Tax Law, § 689, subd [e]; see Matter of Levin v Gallman, 42 NY2d 32). The petitioner, through his complete failure to present any proof as to the incorrectness of the statement of deficiency, has surrendered to the statutory presumption of correctness and the determination must be sustained. Determination confirmed, and petition dismissed, with costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Casey, JJ., concur.