■ In the Matter of ROSEMARIE RAGONESI et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which held petitioners liable for a penalty under subdivision (g) of section 685 of the Tax Law. Petitioner Friscia purchased his father-in-law's business in 1962. His wife, petitioner Ragonesi, was designated president of the corporation and remained in that office until May 1, 1973, when petitioner Friscia, who at all times ran the company, became president. The company failed to pay to respondent the employee withholding taxes due for 1973, and notices of deficiency of $3,900.50 were issued against both petitioners. After a hearing, respondent determined that petitioner Friscia was personally liable for the unpaid withholding taxes of $3,900.50 for 1973, and petitioner Ragonesi, for the amount of unpaid withholding taxes for January 1, through April 30, 1973. Petitioners seek review of these determinations in this proceeding. Subdivision (g) of section 685 of the Tax Law states that any person required to collect, account for, and pay over the tax imposed by article 22 of the Tax Law who willfully fails to do so shall be liable for a penalty equal to the amount of the tax. Subdivision (n) of section 685 of the Tax Law defines "person" to include, *inter alia,* "an officer or employee of any corporation * * * who * * * is under a duty to perform the act in respect of which the violation occurs". Petitioners urge that they are not persons required to pay over the tax. Whether someone is such a person is a factual question, and factors such as whether the petitioner signed the tax return or had the right to hire and fire employees should be considered (*Matter of MacLean v State Tax Comm.,* 69 AD2d 951, affd 49 NY2d 920; *Matter of Malkin v Tully,* 65 AD2d 228). Petitioner Ragonesi was president of the corporation from 1962 until May 1, 1973. Her signature was required on the corporation's checks, and she executed its financial statements and tax returns. Petitioner Friscia owned and ran the business, and was president of it after May 1, 1973. "[T]he burden of overcoming a tax assessment rests with the taxpayer * * * 'If there are any facts or reasonable inferences from the facts to sustain it, the court must confirm the Tax Commission's determination'" (*Matter of Liberman v Gallman,* 41 NY2d 774, 777). The commission's finding that petitioners were persons charged with paying over the tax was not unreasonable and must be confirmed. Petitioners also contend that they did not willfully fail to pay the taxes and should not be subjected to the penalty of subdivision (g) of section 685 of the Tax Law. "Willful", as used in the statute, means an act, default, or conduct voluntarily done with knowledge that, as a result, trust funds of the government will not be paid over; intent to deprive the government of its money need not be shown, merely something more than accidental nonpay-

ment (*Matter of Levin v Gallman,* 42 NY2d 32, 34). Petitioner Ragonesi claims that she only signed blank checks and executed financial statements and tax returns at her husband's direction, and otherwise had nothing to do with the business. Petitioner Friscia claims that he had delegated the authority to pay the withholding taxes to the company's bookkeeper and that he was not aware that the bookkeeper had not done so. However, corporate officials responsible as fiduciaries for tax revenues cannot absolve themselves merely by disregarding their duty and leaving it to someone else to discharge (*Matter of Gardineer v State Tax Comm.,* 78 AD2d 928, 929). Petitioner Ragonesi, as president of the company, and petitioner Friscia, as its owner and chief managing official, could not avoid liability by disregarding or delegating their responsibilities. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Yesawich, Jr., Weiss and Levine, JJ., concur.