■ In the Matter of DONALD A. FISHER, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany

County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law. From 1963 until his resignation on September 25, 1970, petitioner was retained as the attorney for clients with whom he invested funds, and served as a stockholder, director and secretary-treasurer of their business, Cardinal Air Service Corporation. The record shows that he did perform some services for the corporation including signing some checks, giving business advice, holding consultations with the president on hiring personnel, reviewing of corporate tax returns, and that he endeavored to solve corporate tax and creditor problems. Separate and aside from these functions for which petitioner received a salary, his law firm represented the corporation and was paid substantial legal fees. The corporation was eventually adjudicated bankrupt and following a hearing, respondent confirmed a determination that petitioner was personally liable for the unpaid withholding taxes, penalty and interest, upon which there remains an unpaid adjusted balance of $6,402.95. Petitioner commenced this proceeding seeking review and annulment of the determination. Petitioner argues that respondent's determination is shown by the facts to be erroneous, arbitrary and capricious. Subdivision (g) of section 685 of the Tax Law states that any person required to collect, account for, and pay over the tax imposed by article 22 of the Tax Law who willfully fails to do so shall be liable for a penalty equal to the amount of the tax. Subdivision (n) of section 685 of the Tax Law defines such a "person" to include, *inter alia*, "an officer or employee of any corporation * * * who * * * is under a duty to perform the act in respect of which the violation occurs" (see *Matter of Ragonesi v State Tax Comm.*, 88 AD2d 707). The question of whether someone is a person required to collect and pay over withholding taxes is a factual one. The relevant questions to be considered are whether the petitioner signed the tax returns, derived a substantial part of his income from the corporation, and had the right to hire and fire employees (*Matter of MacLean v State Tax Comm.*, 69 AD2d 951, affd 49 NY2d 920; *Matter of Malkin v Tully*, 65 AD2d 228). Additional factors include whether the petitioner owned stock in the corporation, ran the business by paying corporate bills, making out payrolls and handling the mail, and whether he was an officer thereof (*Matter of McHugh v State Tax Comm.*, 70 AD2d 987, 988). The burden of proving that a deficiency assessment is improper (Tax Law, § 689, subd [e]) and that there are neither sufficient facts in the record nor any reasonable inferences from the facts to support the commission's determination is upon the petitioner (*Matter of Levin v Gallman*, 42 NY2d 32, 34; *Matter of Tavolacci v State Tax Comm.*, 77 AD2d 759). Here, the record reveals that petitioner elected to invest in a business enterprise operated by his clients and that he purchased one third of the stock (subsequently his holdings were reduced to 20% after a public offering). He became one of three directors and the secretary-treasurer. Resolution of the issues is more difficult because respondent's determination rests upon evidence and testimony adduced at a hearing in which most of petitioner's activities can be as easily identified as those of the attorney for the corporation as those of an officer thereof. It would appear that because petitioner's law firm records billed the corporation for only 66 hours out of petitioner's 1,216 total billable hours during a 15-month period prior to his resignation as an officer and director, while he earned $6,000 or $7,000 directly from the corporation, respondent chose to hold that petitioner acted as an officer and director. The record, however, demonstrates that petitioner was never involved in the day-to-day operation of the business. He signed a miniscule number of checks in the absence of the president. The president prepared and signed all tax returns, hired and fired employees, obtained customers, made all purchases, and was the chief operating official. While petitioner was consulted on finan-

cial transactions from time to time, he gave only advice which could easily be considered as given by an attorney. His income from the law firm was $52,000 one year and $78,000 another, while he received sums ranging from $1,800 to $6,000 annually from the corporation. Only when the corporation was in deep financial difficulty in 1970 did petitioner become involved to the extent of resolving claims of creditors and negotiating a settlement with the Internal Revenue Service. On this record, we cannot say that petitioner was a person who was under a duty to collect and pay over the taxes withheld from wages. Nor does the record contain facts sufficient to sustain respondent's determination that petitioner "willfully" failed to perform such duties. It appears that petitioner continually emphasized to the president that remittances must be made to both the Federal and State taxing authorities. He specifically inquired as to payments to respondent and was shown copies of tax returns timely filed and was told (untruthfully) that payments had been made. The test of willfulness "is whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes" (*Matter of Levin v Gallman*, 42 NY2d 32, 34, *supra; Matter of Gardineer v State Tax Comm.*, 78 AD2d 928). "No showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required" (*Matter of Levin v Gallman, supra*, p 34). There is no proof in this record to demonstrate that petitioner was a corporate officer responsible as a fiduciary for tax revenues who tried to absolve himself merely by disregarding his duty and leaving it to someone else to discharge (*Matter of Gardineer v State Tax Comm., supra*, p 929), nor was he in charge of the assets of the corporation (*Matter of McHugh v State Tax Comm.*, 70 AD2d 987, 989, *supra*). It is unnecessary to consider petitioner's remaining procedural arguments. Petition granted and determination annulled, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.