■ In the Matter of the Claim of Dominick Pezzuti, Respondent, v Village of Endicott, Respondent, and Broome County Self Insurance Plan, Appellant. Workers' Compensation Board, Respondent. (And Four Other Related Claims.) — Appeals from five decisions of the Workers' Compensation Board, filed May 6, 1981, which held that claimants did not voluntarily withdraw from the labor market. Since these five appeals involve common questions of law and fact and the Workers' Compensation Board considered the issues as one, this court granted permission to prosecute the appeals upon a joint record. Prior to January 1, 1978, each of the claimants was receiving benefits under section 207-a of the General Municipal Law for injuries suffered while in the course of his employment as a fire fighter for the Village of Endicott. Effective on that date, section 207-a was amended to provide that firemen who were capable, in a physician's certified opinion, of performing "specified types of light duty" consistent with their position as firemen could be offered such duty and refusal to accept would permit the discontinuance of disability benefits (General Municipal Law, § 207-a, subd 3, L 1977, ch 965). On January 25, 1978, the village fire chief, after consultation with the village counsel, sent letters to claimants directing them to return to work for light duty between February 5 and February 7, 1978 or risk losing their full wages. Before the letter was sent, several firemen, including two of the claimants, had brought an action to declare the "light duty" provision and other amendments to section 207-a of the General Municipal Law unconstitutional. The plaintiffs in that action made a motion returnable February 7, 1978 seeking to stay the municipal defendants from assigning any fireman to light duty. Subsequent to receiving the January 25, 1978 letter, claimants' attorney contacted the village attorney and advised him he was going to seek a temporary order restraining the village from directing claimants to report for work prior to the return date of the motion. The village attorney responded that there was no need to do so, and, as a result claimants did not return to work. Subsequently, the carrier requested the board to terminate claimants' workers' compensation benefits because claimants failed to report to work pursuant to the letter. After a referee received evidence, he concluded that claimants had voluntarily

withdrawn from the labor market and discontinued payments of compensation. On appeal, the board reversed in a decision and amended decision. The decision, in pertinent part, provided as follows: "Upon review of the record the Board Panel finds that Chief A. Sedor of the Endicott Fire Department, and the Village attorney, withdrew the offer of light duty employment to the five claimants. Therefore, the claimants did not voluntarily withdraw from the labor market." Initially, the carrier contends that the board improperly considered the statements made at the hearing by the parties' attorneys in reaching its determination. We disagree. There was no objection made to any of these statements and such objection may not be raised for the first time on this appeal (*Matter of Malkin v Tully*, 65 AD2d 228, 230). We are also of the opinion that there is substantial evidence to sustain the board's determination that the village attorney withdrew the offer of employment. When asked by the referee if the offer of employment had been withdrawn, the village attorney answered "yes". The decisions of the board must, therefore, be affirmed. Decisions affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.