■ In the Matter of ADELE AMENGUAL, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for the redetermination of a deficiency assessment for the years 1974 and 1975. East Electric Corporation failed to pay over to the New York State Department of Taxation and Finance employee withholding taxes from December 1, 1974 through December 31, 1974, and also from February 1, 1975 through December 31, 1975. As a consequence, petitioner, the secretary of the corporation, was found to be personally answerable for the deficiency of $22,120.28. Any "person" required to collect, truthfully account for, and pay over this tax, who willfully fails to do so, can be subjected to a penalty equaling the amount of the tax (Tax Law, § 685, subd [g]). For the purposes of subdivision (g), a "person" includes "an officer or employee of any

corporation * * * who as such officer, [or] employee * * * is under a duty to perform the act in respect of which the violation occurs" (Tax Law, § 685, subd [n]). Respondent commission determined that petitioner was a "person" liable under the statute in that she was the corporation's secretary with authority to sign paychecks and had, on occasion, apparently supervised the clerical and secretarial staff at East Electric's office. Also, because of the hospitalization of the operator of the company's check signing machine, petitioner, during one week in August, 1974, personally signed the company's payroll; in the operator's absence the normal procedure of running paychecks through the machine to be stamped with the signature of the company's president, petitioner's husband, could not take place. With studied consistency, this court has observed that in deciding whether a corporate officer is a "person" required to collect and pay over withholding taxes relevant factors to be considered are whether he signed the company's tax return, possessed the right to hire and fire employees, or derived a substantial portion of his income from the corporation (*Matter of Fisher v State Tax Comm.*, 90 AD2d 910; *Matter of MacLean v State Tax Comm.*, 69 AD2d 951, affd 49 NY2d 920; *Matter of Malkin v Tully*, 65 AD2d 228). Other pertinent areas of inquiry include the person's official duties, the amount of corporation stock he owned, and his authority to pay corporate obligations (*Matter of Fisher v State Tax Comm., supra; Matter of McHugh v State Tax Comm.*, 70 AD2d 987). Judged by these criteria, petitioner was not responsible for the collection and payment over of withholding taxes due from the corporation. The commission itself found that the company's vice-president decided which bills were to be paid and that petitioner owned no stock in the company. She played no role in the normal procedures respecting payment of employees and her duties as secretary, as defined in the company by-laws, were relegated to recordkeeping, compiling lists of shareholders, and recording the proceedings of directors' meetings. Furthermore, petitioner could not hire and fire employees, did not receive substantial income from East Electic, and never signed the company's tax returns. We are unable to accept respondent's argument that petitioner's inconsiderable corporate involvement, coupled with her unexercised right, as secretary of the corporation, of access to the company books, is enough to warrant saddling her with liability under the statute. As petitioner was not a "person" obligated to collect, account for, and pay the company's withholding taxes, we do not reach the question of her purportedly "willful" failure to perform these functions. Petition granted and determination annulled, with costs. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.