■ In the Matter of Donald A. Capoccia, Petitioner, v New York State Tax Commission, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment against petitioner.

From its inception in 1968, petitioner has been president and a principal shareholder of a small corporation engaged in the construction business. His corporate responsibilities and duties consisted of securing construction jobs and supervising them at the site. Charles Balog, an accountant, the other principal in the enterprise, was the corporate secretary-treasurer. His function was to maintain the corporate books and records. Although petitioner had access to the books and records, he elected to concern himself only with the corporation's field operations; he explained this disinterest in the corporation's books by declaring, "I just don't understand that crap." In the latter part of 1975, the corporation encountered financial difficulties culminating in insolvency the following year. Because the corporation had failed to pay over to the State Tax Commission employee withholding taxes due for 1975 and 1976, a notice of deficiency totaling $6,072.60 was issued to petitioner and, following a hearing, he was found to be personally liable for the unpaid taxes.

As urged before the Tax Commission, petitioner maintains that because of the division of responsibility between himself (the "outside man") and Balog (the "inside man"), he is not a "person", as that term is defined by subdivision (n) of section 685 of the Tax Law, required to collect and pay over withholding taxes due from the corporation and further that he did not "willfully" neglect to do so. Whether one is a person obliged to

collect, account for and pay over withholding taxes is a factual issue, resolution of which turns on such factors as whether the taxpayer owned stock, signed the tax returns, exercised authority over employees and assets of the corporation, derived substantial income from the corporation, or served as an officer or employee thereof (*Matter of Fisher v State Tax Comm.,* 90 AD2d 910; *Matter of McHugh v State Tax Comm.,* 70 AD2d 987, 988; *Matter of MacLean v State Tax Comm.,* 69 AD2d 951, affd 49 NY2d 920). Inasmuch as petitioner held 50% of the corporate stock, derived weekly income from the corporation, was its president, hired and fired employees, made all purchases and was authorized to, and did on occasion, sign corporate checks, the Tax Commission's finding that he was a "person" charged with collecting the tax is neither arbitrary nor capricious, and hence must be confirmed (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193).

As for the contention that the Tax Commission incorrectly concluded that the nonpayment of withholding taxes was "willful" within the meaning of subdivision (g) of section 685 of the Tax Law, suffice it to say "corporate officials responsible as fiduciaries for tax revenues cannot absolve themselves merely by disregarding their duty and leaving it to someone else to discharge" (*Matter of Ragonesi v New York State Tax Comm.,* 88 AD2d 707, 708; *Matter of Malkin v Tully,* 65 AD2d 228; see, also, *Matter of Massa v New York State Tax Comm.,* 102 AD2d 968).

Determination confirmed and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.