■ In the Matter of JOSEPH REYERS, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner and two others, Otto Luthi and Paul Decelle, owned and operated the Hermitage Restaurant, Inc. Petitioner operated the restaurant and served as maitre d'; Luthi served as bartender; and Decelle, because of his prior bookkeeping experience in the restaurant business, served as financial officer, which included the payment of bills, signing of checks and the preparation and filing of all tax returns.

Prior to June 1, 1978, Decelle agreed to purchase petitioner's entire interest in the corporation and, pursuant to this agreement, petitioner would no longer be an officer, director or employee of the corporation after June 1, 1978. The agreement was formalized in writing on July 14, 1978 and the closing date was scheduled for five days after approval of the State Liquor Authority was obtained. The closing did not occur until December 1978 due to the delays occasioned in obtaining State Liquor Authority approval. However, as of June 1, 1978, petitioner disassociated himself with the corporate operation, received no income therefrom, lacked authority to sign checks and to hire and fire employees, and did not prepare or sign any tax returns. Petitioner claims that prior to June 1, 1978, he periodically inquired of Decelle whether the tax returns had been prepared and filed and the taxes paid, and was always told that they had been.

In 1979, the corporation filed for bankruptcy. Petitioner was notified that two claims had been filed against him by the State. The first was a personal claim for the corporation's failure to pay State sales tax. In regard to this claim, following a prehearing conference which included a discussion with Decelle, respondent notified petitioner's attorney that "the total tax, penalty and interest assessed against your clients will be canceled in full" since "it has been determined that your clients were not responsible officers of the Hermitage Restaurant". The second claim was for taxes and penalties asserted personally against petitioner for the corporation's failure to pay State employee withholding taxes from January

1977 to June 1979 in the amount of $25,719.87. After a hearing, respondent sustained the notice of deficiency, holding petitioner personally responsible for the failure to collect the withholding taxes.

Although petitioner qualified as a "person" under Tax Law § 685 and was, therefore, under a duty to collect and pay over withholding taxes on behalf of the corporation, to be personally liable his failure to do so must be a willful failure to collect and pay over tax under Tax Law § 685 (g). The test for willfulness is: "whether the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes * * * No showing of intent to deprive the Government of its money is necessary but only something more than accidental nonpayment is required" (Matter of Levin v Gallman, 42 NY2d 32, 34).

It is undisputed that petitioner periodically inquired of Decelle as to whether the tax returns had been filed and the taxes paid, and Decelle always represented that they had been. Furthermore, petitioner hired an accounting firm to handle the corporate financial matters and relied on the skill and judgment of that firm as well as that of Decelle. These circumstances negate a finding of willfulness on petitioner's part under Tax Law § 685 (g) for failing to collect and pay over employee withholding taxes in 1977. From June 1, 1978, petitioner had disassociated himself from the business operation, and, therefore, no personal liability could attach to him.

Respondent concedes that if the documents of sale are genuine and accurately reflect petitioner's noninvolvement with the corporation after June 1, 1978, petitioner would not be liable for failure to collect and pay taxes after June 1, 1978. Respondent contends, however, that these documents were not offered into evidence at the hearing and, therefore, cannot be considered by this court on review. Contrary to this contention, petitioner's sworn petition for redetermination of the deficiency and his perfected petition were offered into evidence by respondent's counsel. In both these documents, petitioner swore that he severed all corporation connections on June 1, 1978 and that the corporation agreed to hold him harmless from all claims, including taxes, after that date. These documents should have been considered by respondent at the hearing.

Additionally, the inconsistent results reached by respondent in regard to the sales tax which was canceled in full after a conversation with Decelle as to petitioner's termination, con-

trasted with its contrary determination in regard to the withholding taxes based on the same premise, i.e., petitioner's disassociation from the corporation on June 1, 1978, stamp its determination in regard to the personal liability for the withholding taxes arbitrary and capricious. Accordingly, the determination of respondent should be annulled.

Determination annulled, without costs, petition granted, and matter remitted to respondent for further proceedings not inconsistent herewith. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.