In the Matter of ELI ROSENBLATT, Petitioner, v NEW YORK STATE TAX COMMISSION et al., Respondents. (Proceeding No. 1.)

In the Matter of EUGENE SOLE, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. (Proceeding No. 2.)

Third Department, January 30, 1986

128

## APPEARANCES OF COUNSEL

*Roshwald, Bass, Caine & Goldstricker (Hyman Bass* and *Sanford Young* of counsel), for petitioner in proceeding No. 1.

*Gordon, Hurwitz, Butowsky, Weitzen, Shalov & Wein (Madonna M. Malin* and *Ellis L. Reemer* of counsel), for petitioner in proceeding No. 2.

*Robert Abrams, Attorney-General (Nancy A. Spiegel* and *Wayne L. Benjamin* of counsel), for New York State Tax Commission, respondent.

## OPINION OF THE COURT

Harvey, J.

In 1959, all of the shares of the stock of Lefferts General Hospital, Inc., located in Brooklyn, were purchased by a group of medical doctors for the purpose of operating the hospital on a profit-making basis. A board of directors was elected, all of whom were shareholders, and the directors thereafter elected

certain of its members as president, vice-president, secretary and treasurer of the corporation. Two to three years later, Seymour Reid was employed as hospital administrator. Among those who served on the administrator's staff, one employee had the title "comptroller". The comptroller had one accountant assistant. The total number of employees was between 250 and 300.

The payroll office was separate and apart from the office of comptroller and did not act under the supervision of the comptroller. That office's duties were to pay employees their wages after deducting certain percentages for income tax withholding. Instead of actually collecting those funds and depositing them in a trust account, the practice apparently was to pay the employees an amount equal to that computed to be the net after deduction of income tax withholding and to make no internal transfer of the remaining funds from the general account. Consequently, it was the policy of the hospital to think of itself as a debtor of respondent State Tax Commission rather than a trustee of money collected for income tax purposes.

During the 1970's, the corporation began experiencing financial problems which eventually caused it to close in November 1977. On a number of occasions in 1976 and 1977, the corporation filed, on a semimonthly basis, tax withholding returns without any remittances of money collected. The only money which the corporation had on those occasions was in a general account and was in amounts insufficient to make payment to the Tax Commission. After an assignment for the benefit of creditors was made in 1977, the Audit Division of the Department of Taxation and Finance discovered a deficiency of withheld State income taxes for 1976 and 1977 plus New York City income tax for 1976 in the amount of $144,447.09. A penalty in that amount was assessed against each of petitioners herein pursuant to Tax Law § 685 (g), which provides: "Any person required to collect, truthfully account for, and pay over the tax imposed by this article who willfully fails to * * * truthfully account for and pay over such tax * * * shall * * * be liable to a penalty equal to the total amount of the tax". Both petitioners demanded a hearing which was conducted. The hearing resulted in a confirmation of the decision of the Audit Division. Thereafter, these CPLR article 78 proceedings were commenced.

The assessment made against petitioner Eugene Sole was on the basis of the fact that he was a director and treasurer of

the corporation. He also owned 9% of its stock. In defense of the assessment against him, Sole contended that he had no business training; that he was unaware of the fact that as treasurer of the corporation he was its chief fiscal officer; that he was unaware of the fact that withheld wages were not always paid over to the Tax Commission; and that, although he signed numerous checks and documents, he did so without inquiry because he trusted the staff.

■ The Tax Commission concluded that Sole had failed to sustain his burden of proving that the fine was improperly assessed *(see, Matter of Ragonesi v New York State Tax Commn.,* 88 AD2d 707). The management of the corporation was vested in its officers and directors. Corporate officials cannot absolve themselves from responsibility and have their actions not characterized as "willful" merely by disregarding their duty and leaving it to someone else to discharge *(Matter of Capoccia v New York State Tax Commn.,* 105 AD2d 528; *Matter of Ragonesi v New York State Tax Commn., supra,* p 708; *Matter of Gardineer v State Tax Commn.,* 78 AD2d 928). We confirm the Tax Commission's determination as it regards Sole.

■ However, we disagree with the assessment against petitioner Eli Rosenblatt. The record establishes that he was not an officer, director or shareholder of the corporation. He did not stand to profit financially from the use of trust funds to pay corporate debts. His employment only dates back to 1974 when he was given the job title of "comptroller". The only affirmative evidence of his involvement in any manner in the controversy herein was that he knew that the corporation was making deductions for withholding but not transferring the funds to the Tax Commission. He made out the semimonthly returns which charged the corporation with having collected the tax and he signed five of the returns when no payment was made to the Tax Commission. However, the Tax Commission made the specific finding of fact that Rosenblatt had no authority over or direction of the payroll department which was separate from his department.

The language of Tax Law § 685 (g) must be read in conjunction with Tax Law § 685 (n), which states: "Person defined.— For purposes of subsections (g), (i), (o), (q) and (r), the term person includes an individual, corporation or partnership or an officer or employee of any corporation * * * or a member or employee of any partnership, who as such officer, employee,

or member is *under a duty to perform the act in respect of which the violation occurs"* (emphasis supplied).

We conclude that the proof completely failed to establish that Rosenblatt was an employee whose duty it was to perform the act in respect of which this violation occurred. The question of whether someone is a person required to collect and pay over withholding taxes is a factual one *(Matter of McHugh v State Tax Commn.,* 70 AD2d 987). In the absence of more direct evidence, the courts have considered such factors as the authority to hire and fire; authority to sign checks and prepare returns; whether such person is an officer, director or shareholder of a corporation; and whether the person charged derived a substantial portion of his income from his assigned duties *(Matter of Capoccia v New York State Tax Commn.,* 105 AD2d 528, *supra; Matter of Fisher v State Tax Commn.,* 90 AD2d 910; *see, Matter of MacLean v State Tax Commn.,* 69 AD2d 951, *affd* 49 NY2d 920). However, in those cases there was no specific exculpatory evidence such as that which exists in the instant case. The Tax Commission has made the specific finding of fact that the payroll operation was outside the direction and control of Rosenblatt. It is obvious that the person responsible for the operation of the payroll function was the person responsible for collecting, accounting for and paying over the collected taxes. That person or those persons could have been officers or directors, the hospital administrator or the employee in direct charge of payroll, or all of them. However, from the evidence presented and from the specific finding of fact, Rosenblatt was excluded.

Federal case law is particularly instructive in our statutory applications. The applicable sections of the Internal Revenue Code are analogous to Tax Law § 685 (g) and (n). An examination of those cases affirms that it is well-settled law that the persons who possess the *ultimate* authority over a corporation, who make the final decisions and determine which creditors are to be paid and the order of their payment, are the persons responsible for the segregation and timely payment of the trust fund taxes *(United States v Abrahams,* 312 F Supp 1035, 1037-1038; *see, Flan v United States,* 326 F2d 356; *United States v Graham,* 309 F2d 210; *Bloom v United States,* 272 F2d 215, *cert denied* 363 US 803).

The Tax Commission made these specific findings of fact:

"Petitioner Rosenblatt acted under the direction and supervision of the Hospital Administrator and its officers and directors * * *

"Although Petitioner (Rosenblatt) was an authorized cosigner on the checking account, such was for convenience purposes only in the event that an officer was not available * * *

"Since prior to the time Petitioner (Rosenblatt) was hired to work for the Hospital, the Hospital had financial difficulties and was behind in its payments of taxes."

In view of those findings, which we find to be most adequately supported by the record, there was no rational basis for assessing a fine against Rosenblatt. The consequences of a fine of such magnitude against an employee who had nothing to gain financially by the violations of law and whose maximum annual salary was $24,000 require that the letter and spirit of the law be adhered to strictly. The Tax Commission's responsibilities were not discharged simply by placing part of the blame on an employee whose title might indicate some connection with the events.

We find that there was no rational basis for the assessment of a fine against Rosenblatt and no substantial evidence in support thereof.

MIKOLL, J. (concurring in part and dissenting in part). We respectfully dissent from the majority's decision as to petitioner Eli Rosenblatt. In reviewing a determination made by respondent State Tax Commission, we must determine if there was a rational basis for the Tax Commission's determination and substantial evidence in support thereof (Matter of Donahue v Chu, 104 AD2d 523). It is the petitioner's burden to prove that a deficiency assessment is improper and that the record has insufficient facts to support the Tax Commission's determination (Matter of Fisher v State Tax Commn., 90 AD2d 910, 911).

Rosenblatt's primary contention is that he was not a person required to collect, account for and pay over withholding taxes. The record discloses that he was hired as the corporation's comptroller and that he had considerable experience in such work. It was his responsibility to prepare and file tax returns. He signed five of the returns in issue which were filed with no remittance accompanying them. Petitioner Eugene Sole, treasurer of the corporation, and Milton Cantor, one of its directors, testified that Rosenblatt, together with the hospital administrator, Seymour Reid, was responsible for the day-to-day financial affairs of the corporation. As such, Rosenblatt was responsible for preparing tax returns, paying taxes and

creditors. Although Rosenblatt did not have control over the payroll department where tax withholding took place, the tax moneys were commingled in the general corporate account from which he issued checks and over which he had control.

From the facts adduced, we conclude that the determination against Rosenblatt is based on a reasonable inference and should be affirmed *(see, Matter of MacLean v State Tax Commn.,* 69 AD2d 951, *affd* 49 NY2d 920).

Neither can Rosenblatt absolve himself from responsibility by contending that his actions were not willful. Rosenblatt was an experienced comptroller. He knew that tax withholding funds were being placed in the corporation's general account and he, nonetheless, failed to remit them to the Government with the tax returns signed by him. Additionally, he admitted at the hearing that he knew that taxes were not being paid and that this violated the law. Rosenblatt's activities were "willful" within the meaning of the law *(see, Matter of Ragonesi v New York State Tax Commn.,* 88 AD2d 707, 708).

MAIN, J. P., and LEVINE, J., concur with HARVEY, J.; MIKOLL and YESAWICH, JR., JJ., concur in part and dissent in part in an opinion by MIKOLL, J.

Determination, in proceeding No. 1 annulled, and petition granted, with costs.

Determination, in proceeding No. 2, confirmed, and petition dismissed, with costs.