■ In the Matter of DONALD A. HOPPER, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [637 NYS2d 494] —Mikoll, J. Proceeding pursuant to CPLR article 78

(transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner, an attorney, was admitted to practice law in New York in 1951. He served as an Assistant District Attorney until entering private practice in 1958. In 1970 he was retained by Edward Halloran to handle various litigation matters relating to Halloran's business and did so until 1975, when Halloran no longer required his services. In 1978 Halloran again retained petitioner to handle various litigation matters. Halloran owned, through Shelton Towers Associates, the Halloran House, a major New York City hotel. In 1983 Halloran formed a limited partnership, Royale Towers Associates (hereinafter Royale), to acquire full ownership of the Hotel Taft in New York City for a purchase price of $20 million. At Halloran's request, petitioner was named a general partner in Royale, acquiring a 2% interest, while Halloran, as limited partner, acquired a 98% interest in Royale. Petitioner contributed no capital to Royale and performed no legal work for it. Petitioner's compensation came directly from Shelton Tower Associates and Transit Mix Concrete Corporation, another company owned by Halloran, for legal services petitioner performed for those companies.

In 1984, Royale sold the Hotel Taft. Petitioner was not involved in the negotiations but attended the closing because his signature was needed on the deed and other documents. Many creditors also attended the closing, including representatives from the State Tax Commission. Royale was represented by petitioner, Halloran and others. The tax due on the sale is the subject of this proceeding.

In March 1988 a notice of deficiency was issued to petitioner assessing a penalty of $423,461.23 against him as a person required to collect, account for and pay over withholding taxes on behalf of Royale for the period from January 1, 1983 through December 31, 1984. Petitioner filed for a redetermination of the penalty assessment on June 8, 1989. Receipt of the challenge was acknowledged on June 23, 1989, although no answer was filed by the Division of Taxation until February 21, 1991. Petitioner moved to vacate the assessment on the ground that the Division failed to comply with 20 NYCRR 3000.4, which requires that the Division "shall" serve an answer within 60 days from the acknowledgement of receipt. An Administrative Law Judge (hereinafter the ALJ) denied petitioner's motion to vacate, ruling that the time periods speci-

fied in the regulation were directory, not mandatory, and that there was no showing of prejudice to petitioner.

After a hearing, the ALJ issued a determination on October 22, 1992 holding petitioner liable for the penalties asserted based on two provisions of the Partnership Law. On appeal, respondent Tax Appeals Tribunal ruled that the ALJ erred in finding petitioner liable under the two provisions cited, and directed that a new determination be made addressing the issue of liability under Tax Law § 685 (g). Upon remand, the ALJ sustained the notice of deficiency and denied petitioner's application for a redetermination. The ALJ concluded that petitioner was a "person" for the purposes of Tax Law § 685 (g) and rejected petitioner's argument that his failure to collect and remit the taxes was not "willful" within the meaning of the statute. The Tribunal affirmed the decision of the ALJ on August 18, 1994 and sustained the notice of deficiency against petitioner.

On December 16, 1994, petitioner attempted to commence this CPLR article 78 proceeding challenging the Tribunal's decision by filing the notice of petition and petition in Supreme Court. Petitioner also served on the same date respondent Commissioner of Taxation of Finance and the Attorney-General's Office, naming only the New York State Tax Commission as respondent.

On January 12, 1995 the Commissioner moved to dismiss the petition (1) for lack of subject matter jurisdiction, and (2) for petitioner's failure to designate and serve the Tribunal as a respondent within the time limits set by Tax Law § 2016. Supreme Court granted petitioner's cross-motion for removal of the proceeding to this Court and permitted petitioner to serve the Tribunal *nunc pro tunc*, which petitioner did on February 22, 1995. Thereafter, the Commissioner moved to dismiss the proceeding for failure to commence it within the four-month Statute of Limitations prescribed in Tax Law § 2016 and for lack of subject matter jurisdiction. This Court denied the motion without prejudice to the issues being raised upon argument of the proceeding. Respondent then answered, raising, *inter alia*, the defenses of the Statute of Limitations and subject matter jurisdiction.

The determination of the Tribunal sustaining the personal income tax assessment against petitioner pursuant to Tax Law article 22 should be confirmed and the petition dismissed.

The Commissioner's contention that Supreme Court had no jurisdiction to transfer the instant proceeding to this Court because the proceeding was improperly commenced in Supreme

Court rather than this Court, contrary to the provisions of Tax Law § 2016, is rejected. While original jurisdiction lies in this Court, Supreme Court nonetheless has jurisdiction to transfer the improperly commenced proceeding to this Court (*see,* CPLR 325 [a]; *Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760, 764-766). Since this proceeding was timely commenced in Supreme Court within the prescribed four-month limitations period, its transfer to this Court after the four-month period had expired was not improper nor untimely (*see, Matter of Arnold v New York State Dept. of Educ.,* 128 AD2d 985, 987).

Petitioner's claim that the ALJ abused her discretion in declining to vacate the Division's answer for late filing and grant petitioner the relief demanded is without merit. The Commissioner's contention that petitioner failed to preserve the late filing issue for review because it was not raised before the Tribunal fails. Petitioner raised this issue at the initial hearing before the ALJ and preserved it for review even though he failed to raise it in his notices of exceptions to the ALJ's determination (*see, Matter of ADP Automotive Claims Servs. v Tax Appeals Tribunal,* 188 AD2d 245, 249, *lv denied* 82 NY2d 655).

However, petitioner's argument, although preserved for review, fails on the merits. Petitioner mistakenly relies on the use of the word "shall" in 20 NYCRR 3000.4 (a) (1) to support his argument that the 60-day time requirement for the service of the Division's answer is mandatory rather than directory. The use of mandatory language is not conclusive (*see, Matter of Janus Petroleum v New York State Tax Appeals Tribunal,* 180 AD2d 53, 54). Where, as here, there is no indication that the designation of time is intended as a limitation on the power of the agency, the provision is properly viewed as directory rather than mandatory (*see, supra,* at 55; *see also, Matter of Grossman v Rankin,* 43 NY2d 493, 501).

As there is no provision in the Tax Law pertaining to the filing of an answer in response to a petition, the 60-day limitation should not be viewed as an essential particular of the administrative review process, but merely directory (*see, Omabuild USA No. 1 v State of New York,* 207 AD2d 335). Additionally, petitioner failed to demonstrate that the delay resulted in substantial prejudice to his position (*see, Matter of Cortlandt Nursing Home v Axelrod,* 66 NY2d 169, 180-183, *cert denied* 476 US 1115).

Petitioner's claim that the Tribunal improperly concluded that petitioner is a person responsible for collecting and pay-

ing over taxes withheld within the meaning of Tax Law § 685 (g) is without merit. The conclusion reached by the Tribunal is factual and must be accepted if supported by substantial evidence.

The provision in question provides that a person responsible for collection and payment of employee withholding taxes who willfully fails to do so is subject to personal liability for the unpaid taxes (*see*, Tax Law § 685 [g]). Whether an individual qualifies as a "person", as defined in Tax Law § 685 (n), is factual determination which must be sustained if supported by substantial evidence (*see, Matter of Ragonesi v New York State Tax Commn.*, 88 AD2d 707). The reviewing court may not "substitute [its] judgment for a reasonable determination by the Tribunal which is supported by substantial evidence merely because it is possible to reasonably reach a different conclusion" (*Matter of Buzzard v Tax Appeals Tribunal*, 205 AD2d 852, 853). Relevant factors to be considered in arriving at such a determination include "whether the taxpayer owned stock, signed the tax returns, exercised authority over employees and assets of the corporation, derived substantial income from the corporation, or served as an officer or employee thereof" (*Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529).

The relevant evidence in this case supports the Tribunal's determination. It establishes that petitioner, as the sole general partner, signed two sales tax returns and one withholding tax return on behalf of Royale during the period under review. Petitioner, although he claimed he never signed any checks, had the authority to sign checks on behalf of the partnership. Moreover, while petitioner testified that he did not remember being a signatory on Royale's Bank Leumi account, he did state that he was sure that it very likely happened.

Although petitioner presented evidence that he was not engaged in the day-to-day operation of Royale, he, as Royale's sole general partner, was required to see to it that the partnership paid the appropriate withholding taxes. The management of a limited partnership "is vested exclusively in the general partners" (*Durant v Abendroth*, 97 NY 132, 144; *see*, Partnership Law § 98). That petitioner chose not to exercise such authority will not relieve him of liability (*see, Matter of Blodnick v New York State Tax Commn.*, 124 AD2d 437, 438, *appeal dismissed* 69 NY2d 822, *lv granted* 69 NY2d 608, *appeal withdrawn* 70 NY2d 748; *Matter of Capoccia v New York State Tax Commn.*, 105 AD2d 528, 529, *supra*). Accordingly, the Tribunal's finding that petitioner was a person as that term is

defined in Tax Law § 685 (g) is rational and supported by substantial evidence.

Petitioner's assertion that the Tribunal improperly concluded that his failure to pay over the withholding taxes was willful is not persuasive. Willfulness under Tax Law § 685 (g) may be found when "the act, default, or conduct is consciously and voluntarily done with knowledge that as a result, trust funds belonging to the Government will not be paid over but will be used for other purposes" (*Matter of Levin v Gallman*, 42 NY2d 32, 34). "[S]omething more than accidental nonpayment" is all that is required (*supra*, at 34). As petitioner failed to take any affirmative steps to ensure payment of the taxes withheld, his assertion that he did not act willfully is not persuasive.

Cardona, P. J., Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.