■ In the Matter of MARINE MIDLAND BANK OF ROCHESTER, NEW YORK, as Executor of FRANKLIN W. YARKER and Another, Deceased, Petitioner, v. STATE TAX COMMISSION, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained an unincorporated business tax assessment imposed pursuant to article 23 of the Tax Law. In 1961 and 1962, the now deceased Franklin Yarker and his wife Marjorie Yarker sold portions of some land which they had owned and farmed for many years in the Town of Greece, Monroe County. Thereafter, in 1965, the Department of Taxation and Finance ruled that their installment gains on these sales constituted income subject to the unincorporated business tax. This determination was sustained by the State Tax Commission on the ground that the subject transactions amounted to the sale of business assets during the liquidation of an unincorporated business. Citing subdivision (e) of section 703 of the Tax Law which exempts from the unincorporated business tax one engaged solely in "holding, leasing or managing real property", petitioners now seek to overturn the assessment. In their argument they emphasize the undisputed fact that, in December of 1959, Franklin and Marjorie Yarker retired from active farming and turned over the operation and management of their farm to their son Charles by means of a document purporting to be a lease. Petitioners maintain that the elder Yarkers were acting solely as lessors of their property during the years in question here, 1961–1963, and, hence, the statutory exemption noted above applies to their income from the subject land transactions. To prevail with this argument, however, petitioners must demonstrate that the countervailing determination of the State Tax Commission "is clearly erroneous as a matter of law" (*Matter of Britton* v. *State Tax Comm.*, 22 A D 2d 987, 988, affd. 19 N Y 2d 613). It is readily apparent from the record that they have failed to

---

carry this burden. An examination of the agreement pursuant to which Charles operated the farm after 1959 reveals, in effect, a plan to share profits and expenses with his parents. The so-called "rental" payments which were due only when Charles made a draw from the farming operation amounted to 50% of the net profits therefrom. Also, Franklin and Charles were paid a $75 salary for each week they actually labored on the farm, as an operational expense not included in net income and the replacement of personal property, such as tractors and sprayers, was subject to their mutual agreement. In essence, then, these factors and others provide ample support for the determination that Mr. and Mrs. Yarker continued to be involved with their farm as more than mere lessors after 1959 and were not "so divorced" from the operation as to be entitled to the exemption claimed here (cf. *Matter of Sidenberg* v. *Chapman*, 273 App. Div. 566, 568, affd. 298 N. Y. 730). Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Greenblott, Kane, Main and Larkin, JJ., concur.