■ In the Matter of ANNE T. CANAVAN, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission. Petitioner and her former husband, Alan O. Hickok, owned a 160-acre farm as tenants by the entirety. Pursuant to a separation agreement, the farm was sold on June 10, 1963 and the proceeds divided equally between them. In 1966 respondent State Tax Commission sent a notice of deficiency to petitioner and Hickok for failure to pay the unincorporated business tax on the liquidation of the farm. After a request for a redetermination, a hearing was held and respondent, in sustaining the initial assessment, determined

that Hickok and petitioner were engaged in the farming business. This article 78 proceeding ensued. The record establishes that petitioner's former husband, who testified at the hearing, was involved with two farming operations. One was a joint venture to raise breeding cattle with the owner of an adjoining farm and his brother. The other was a share cropping arrangement for the growing of wheat with another adjoining farm owner. There was no written agreement covering either of the projects. The record further establishes that petitioner and Hickok filed separate tax returns for 1962 and 1963; that Hickok reported for 1962 a loss from farming in the sum of $474.71 and in 1963 he reported a farm income of $240; that petitioner reported no farm income or losses for either 1962 or 1963; and that earlier returns filed by petitioner and Hickok reported profits or losses from farming operations. Basically, it is petitioner's contention that she is exempt from the instant tax pursuant to subdivision (e) of section 703 of the Tax Law which provides that an owner of real property shall not be determined engaged in an unincorporated business solely by reason of holding, leasing or managing real property. We arrive at a contrary conclusion. Petitioner has the burden of establishing that the countervailing determination of the State Tax Commission " 'is clearly erroneous as a matter of law.' " *(Matter of Marine Midland Bank of Rochester v State Tax Comm.,* 47 AD2d 795; *Matter of Britton v State Tax Comm.,* 22 AD2d 987, affd 19 NY2d 613.) A farm operation is a business and subject to the unincorporated business tax. An examination of this record in its entirety, and particularly the testimony of Hickok and the various income tax returns filed by him and petitioner, demonstrate that there is substantial evidence to sustain respondent's determination and we, therefore, should not disturb it. We have considered the other issues raised by petitioner and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Mahoney, Herlihy and Reynolds, JJ., concur.