■ In the Matter of PSATY & FUHRMAN, INC., Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained, as modified, a personal income tax assessment against petitioner. The sole issue presented in this proceeding is whether there is substantial evidence to support respondent's determination that additional payments made to 16 of petitioner's employees during the years 1969 through 1971 constituted supplemental wages subject to income tax withholding requirements. Petitioner was a general contracting firm involved in the construction of the Nelson A. Rockefeller Empire State Plaza in Albany. In connection with its work on the project, petitioner hired many workers, some of whom lived outside of the Albany area. In addition to their regular weekly

wages, certain employees were given a periodic stipend as a per diem living and travel allowance payment. New York State income taxes were not withheld by petitioner from these payments. Following an audit, notice of deficiency and hearing, respondent ultimately ruled that these additional payments made to 16 of petitioner's employees were not reimbursement for travel and lodging expenses and, as such, were additional income subject to withholding tax. This transferred article 78 proceeding was then commenced by petitioner to challenge that determination. The burden of proof was on petitioner to show that the deficiency assessment against it was improper (Tax Law, § 689, subd [e]) and, if there are any facts or reasonable inferences therefrom which support the commission's determination, the assessment must be upheld *(Matter of Levin v Gallman,* 42 NY2d 32, 34). Petitioner's own accountant testified that the payments were not computed according to any fixed formula or schedule. Furthermore, he introduced into evidence hiring slips which indicated that several of the employees who were receiving the so-called travel and lodging allowance had permanent residences in the Albany area. Based upon this evidence, we cannot say that the respondent did not act reasonably in concluding that petitioner failed to meet its burden of proof and in characterizing these payments to the 16 employees as supplemental wages. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Casey and Yesawich, Jr., JJ., concur.