■ In the Matter of WILLIAM T. GOLDEN et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioners' application for a redetermination of a deficiency pursuant to article 22 of the Tax Law. Petitioner William T. Golden is an investor who buys and sells securities for himself and his wife, petitioner Sybil L. Golden, and together with two other investors he maintains an office at 40 Wall Street in the City of New York for use in carrying on investment activities. During the year 1974, petitioners had income of $823,363, $400,622 of which was interest income from Treasury bills and $422,741 of which was income from other investments, and while they had investment expenses that year of $150,869 largely attributable to the operation of the Wall Street office, they concede that in preparing their 1974 State income tax return they did not, as required by section 615 (subd [c], par [3]) of the Tax Law, subtract from their 1974 Federal deductions any portion of the investment expenses taken by them on their Federal income tax return as attributable to their interest income. Following an audit of the State return, the State Tax Department determined that petitioners' expenses incurred in the production of income should be allocated to the interest income from Treasury bills in the proportion that income from Treasury bills had to total income, i.e., $400,622 ÷ $823,363 = 48.65%, with the result that $73,408 of expenses, i.e., $150,869 × 48.65%, was allocated to income from Treasury bills. This action necessarily resulted in an adjustment of petitioners' net income from Treasury bills which, together with other adjustments, further resulted in petitioners being issued a notice of deficiency setting their additional income tax liability for 1974 at $7,910.71, plus interest. Upon petitioners' request, a hearing was subsequently conducted on this matter after which respondent State Tax Commission sustained the notice of deficiency issued by the Tax Department. The present article 78 proceeding was then instituted by petitioners to challenge the method of allocation adopted by the Tax Department and thereafter approved by respondent, and we hold that respondent's determination should be confirmed. In disputes such as we have here, it is well settled that the petitioners must bear a heavy burden of proof (see Tax Law, § 689, subd [e]; *Matter of Eastman Kodak Co. v State Tax Comm.,* 33 AD2d 298, affd 30 NY2d 558) and that courts regularly defer to respondent's determinations which have a rational basis (*Matter of New York Life Ins. Co. v State Tax Comm.,* 80 AD2d 675, affd 55 NY2d 758). Upon the instant record it is undisputed that petitioners invested their funds either in Treasury bills or equity securities, and respondent could justifiably conclude that a decision to buy or sell securities was concomitantly a decision to buy or sell Treasury bills. Additionally, the investment analysis functions which comprised the major activity at the Wall Street office obviously resulted in decisions determining the proportion of petitioners' assets to be held in Treasury bills, and it is also significant that the three investment associates operating the office allocated the expenses of their office and its facilities among themselves according to the market value of the assets in each of their portfolios without distinguishing between equity securities and Treasury bills. Given all these circumstances, it cannot properly be said that respondent's method of allocation is irrational or that the alternative method suggested by petitioners and involving the allocation of expenses to Treasury

bills in proportion to the minimal time allegedly spent by the office on Treasury bills has a more reasonable basis. Accordingly, respondent's determination should not be disturbed (cf. *Fabins v Commissioner of Internal Revenue,* 519 F2d 1310; see, also, *Matter of New York Life Ins. Co. v State Tax Comm., supra*). Determination confirmed, and petition dismissed, with costs. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.