■ In the Matter of WILLIAM P. FREER et al., Appellants, v STATE TAX COMMISSION, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered April 4, 1983 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission sustaining a personal income tax deficiency against petitioners for the tax year 1975. In 1977, petitioners received a notice of deficiency of some $3,480 for their 1975 income tax based upon the Income Tax Bureau's determination that they became permanent New York residents on May 1, 1975. They then petitioned for a redetermination of the deficiency and a prehearing conference was held in April, 1979. The conference did not resolve the dispute over the date upon which petitioners became permanent State residents. In September, 1979, the Tax Commission notified petitioners that their protest would be forwarded for a hearing. It was not until April, 1982, however, that petitioners' attorney was contacted by telephone regarding the possible scheduling of the hearing during the week of July 19, 1982, to which he replied that that week would be "as good as any other week" because petitioners had moved permanently to Colorado and the scheduling of any hearing requiring their attendance would be a financial hardship. On June 14, 1982, the Tax Commission issued a notice scheduling the hearing for July 22, 1982. Neither petitioners nor their attorney appeared at the hearing, however, and a default order was issued denying their application. Subsequently, petitioners initiated the instant proceeding, seeking annulment of the Tax Commission's order. They now appeal from Special Term's dismissal of their petition. The principal ground for annulment advanced by petitioners is that the nearly three-year hiatus between the initial notice that a hearing would have to be held and the scheduling of the actual hearing constituted a violation of their right to "be afforded an opportunity for hearing within reasonable time" under subdivision 1 of section 301 of the State Administrative Procedure Act, prejudicing them because in the interim both they and their witnesses became unavailable. Petitioners failed to make this objection before the Tax Commission, however, and are, therefore,

precluded from raising it for the first time in this CPLR article 78 proceeding (see *Matter of Convissar v State Tax Comm.,* 69 AD2d 929; *Matter of Malkin v Tully,* 65 AD2d 228; *Matter of Servomation Corp. v State Tax Comm.,* 60 AD2d 374; *Matter of Schweitzer v State Tax Comm.,* 106 Misc 2d 658). The only possible applicable exception to this general rule preventing judicial review of matters not raised during the administrative procedure is where the petitioner was denied the opportunity to do so at the administrative level (see *Matter of Malkin v Tully, supra,* p 230). Here, however, whatever the merits of their claim that the delay was prejudicial by preventing them from presenting evidence to defeat the deficiency assessment, there clearly was no showing that petitioners were under any similar disability from formally objecting on that ground before the Tax Commission. They could have avoided the taking of a default merely by the appearance of their New York attorney at the scheduled hearing, who could then have made the appropriate objection (20 NYCRR 601.9 [b] [3]). Moreover, there is nothing whatsoever to indicate that, under the less stringent rules of evidence of the Tax Commission's procedures, the full factual basis to establish that the delay was both prejudicial and otherwise unreasonable could not have been made part of the record (20 NYCRR 601.9 [d]). Petitioners' failure to present their position and the factual basis therefor prevented the Tax Commission from correcting any possible error, and likewise prevents a fair judicial review by this court (see *Matter of Starrs v Tully,* 67 AD2d 784, 785). Accordingly, Special Term properly dismissed their petition. Judgment affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.