■ In the Matter of BARBARA NICHOLLS, Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which partially sustained personal income tax and unincorporated business tax assessments imposed pursuant to articles 22, 23 and 30 of the Tax Law. ¶ During 1973 or early 1974, petitioner opened an art gallery on Madison Avenue in New York City where she specialized in original drawings of cartoons which she would sometimes purchase and sell outright or upon occasion sell under consignment. Nearby, she leased a four-room apartment where, on one wall of her living room, several of her pictures were displayed and where she occasionally entertained clients who might be interested in purchasing one or more of her pictures. Petitioner's 1975 income tax return listed total income for the year of $4,700, and her 1976 return reflected total income for that year in the sum of $11,627. These returns were audited by the State Department of Taxation and Finance and it was determined that, based upon petitioner's life-style and upon the moneys shown in her records as cash available for personal expenses, petitioner had understated her income and had improperly deducted certain expenses claimed to be business related. Consequently, on March 30, 1980, the department issued a notice of deficiency claiming additional taxes due in the sum of $4,083.56 for the two years, plus interest and penalties to the extent of $1,342.09. Petitioner challenged the adjustments by a petition for redetermination and, after a hearing, the Tax Commission canceled certain adjustments relating to travel and repairs but determined, *inter alia,* that (1) petitioner understated her income for both years and that the adjustment of $10,400 for each year as "additional cash needed for living" had a basis in reason; (2) that petitioner was entitled to deduct 25% of the apartment rental as a business expense instead of the 66⅔% that she had claimed; and (3) that she could only deduct one seventh of various expenses and depreciation claimed as business-related automobile expenses instead of the 100% claimed. Petitioner here seeks review of these three determinations. ¶ At the time of the hearing and again upon appeal, petitioner's attorney strongly urged that the burden of demonstrating the propriety of the deficiency assessment was upon the Tax Commission. However, it has been long and well settled that in disputes such as we encounter here,* petitioner bears a heavy burden of proof (see Tax Law, § 689, subd [e]; *Matter of Golden v State Tax Comm.,* 90 AD2d 941; *Matter of Eastman Kodak Co. v State Tax Comm.,* 33 AD2d 298, affd 30 NY2d 558). In a proceeding to review a determination which sustained a deficiency assessment against the taxpayer, the burden of proof is on the taxpayer to show that the deficiency assessment

---

* No fraud or criminal activity on the part of petitioner is alleged.

against it was improper and, if there are any facts or reasonable inferences therefrom which support the Tax Commission's determination, the assessment must be upheld (*Matter of Psaty & Fuhrman v New York State Tax Comm.,* 84 AD2d 618, 619; see *Matter of Levin v Gallman,* 42 NY2d 32, 34). ¶ Presumably because of this misconception as to the burden of proof or for whatever reason, petitioner has clearly failed to demonstrate that the deficiency assessments were improper. Petitioner's records were unclear and susceptible to different interpretations and the checkbook stubs which might have clarified any ambiguities as to which expenditures were for business or personal pursuits were not offered into evidence. Petitioner claimed entitlement to a two-thirds allocation of her apartment rental to business expenses because of her use of the living room for business purposes. Yet there was no proof and, in fact, no claim that the room was used exclusively for business. There was no demonstration that the assignment of 25% of the apartment rental to business expense was irrational or improper. Likewise, there was no breakdown as to business or personal use of petitioner's automobile. No log, diary trip accounts or records of any kind were offered to support the claim that the car was used exclusively for business. Accordingly, the paucity and quality of the evidence offered failed to sustain petitioner's burden. The determination must, therefore, be confirmed and the petition dismissed. ¶ Determination confirmed, and petition dismissed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.