■ In the Matter of DAVID G. BAIRD et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which partially sustained a personal income tax and unincorporated business income tax assessment imposed pursuant to articles 22 and 23 of the Tax Law. ¶ Under review at this time are personal income and unincorporated business income taxes owed by petitioner David G. Baird and his wife for the years 1960 through 1964 and 1967 through 1968. During the years under review, petitioner resided in New Jersey and was a partner in a stock brokerage firm which maintained an office at 65 Broadway in New York City. In addition to his functions with the firm, petitioner was engaged in other income-producing activities which included consulting, procuring and guaranteeing loans, and negotiating the sale of businesses, products and properties. During those periods, petitioner did not report the income generated from his nonbrokerage activities as unincorporated business income. He characterized those activities as occurring on an irregular basis, never conducted from his office in New York City, and unrelated to New York State. Also, during the period 1960 through 1963, petitioner took substantial deductions for losses sustained on the leasing of properties for oil exploration, which properties were located outside New York State. ¶ Following a hearing, petitioner and his wife were assessed deficiencies, inclusive of interest and penalties, totaling $792,346.93. Respondent found that petitioner's income-producing activities were conducted principally at his brokerage office in New York City, in addition to the normal brokerage business, and therefore should have been reported as part of his personal and unincorporated business income. It was further determined that all of the income earned would be credited as income produced in New York State only. Finally, it was determined that petitioner improperly deducted losses arising out of the oil leases because the losses

involved property not located within the State of New York. ¶ In this proceeding seeking to challenge respondent's determination, petitioner raises three issues which will be dealt with in turn. Before discussing them, however, we note that "it is well settled that the petitioners must bear a heavy burden of proof (see Tax Law, § 689, subd [e]; *Matter of Eastman Kodak Co. v State Tax Comm.*, 33 AD2d 298, affd 30 NY2d 558) and that courts regularly defer to respondent's determinations which have a rational basis (*Matter of New York Life Ins. Co. v State Tax Comm.*, 80 AD2d 675, affd 55 NY2d 758)" (*Matter of Golden v State Tax Comm.*, 90 AD2d 941). ¶ Initially, petitioner argues that respondent improperly determined that his activities were carried on only in New York State. Petitioner argues that his nonbrokerage activities were on a national scale and unrelated to New York State. Subdivision (a) of section 707 of the Tax Law states: "If an unincorporated business is carried on both within and without this state, as determined under regulations of the tax commission, there shall be allocated to this state a fair and equitable portion of the excess of its unincorporated business gross income over its unincorporated business deductions. If the unincorporated business has no regular place of business outside this state, all of such excess shall be allocated to this state." ¶ There was no evidence elicited from petitioner to establish that he had a regular place of business outside New York State. Respondent found petitioner's contention that he did not operate out of his office in New York City to be incredible. It also found the contention that he conducted all of his nonbrokerage business after hours from phone booths or personal contacts equally incredible. We believe that such a conclusion is based upon substantial evidence in the record. Petitioner's nonbrokerage stationery had the same address as that of his brokerage firm. The only witness to testify on petitioner's behalf, Norman Raskin, testified that he was employed exclusively by petitioner as a troubleshooter for petitioner's nonbrokerage affairs and worked out of the firm's office on 65 Broadway. In light of these facts, and the paucity of evidence submitted by petitioner to the contrary, we find respondent's determination to be supported by substantial evidence. ¶ As a second challenge to the determination, petitioner argues that it was arbitrary for respondent to find that all of his income-producing activities were carried on in New York State and at the same time to disallow as deductions losses derived from oil leases of property not located in New York State. As an exception to the general rule of allocation set forth above, subdivision (e) of section 707 of the Tax Law states: "Income and deductions from the rental of real property, and gain and loss from the sale, exchange or other disposition of real property, shall not be subject to allocation under subsection (b), (c), or (d), but shall be considered as entirely derived from or connected with the state in which such property is located." ¶ Although the term "real property" is not defined in article 23 of the Tax Law, the use of the term real property as used in a comparable context in the Internal Revenue Code (US Code, tit 26, § 1221, subd [2]) has been interpreted to include a leasehold interest in oil in place (Rev Ruling 68-226). This same meaning should be applied to the present facts (Tax Law, § 702). Petitioner's interests in the oil leases were interest in real property. Because the properties were not located in New York State, respondent properly disallowed losses therefrom as deductions against petitioner's New York State taxable income. Conversely, we note that if income had been generated from these oil leases, it would not have been taxable in New York State. ¶ As a final argument, petitioner argues that it was arbitrary and capricious to impose a penalty upon him pursuant to subdivision (a) of section 685 of the Tax Law for his failure to file an unincorporated business income tax return for the years in question. Although it was petitioner's burden to establish the reason for his failure to file such returns, no evidence was

submitted by him. We therefore cannot conclude that respondent was without justification in determining that his failure to file was due to willful neglect. ¶ Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.