■ In the Matter of HARRY K. MEGSON et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which partially sustained a personal income tax assessment imposed pursuant to article 22 of the Tax Law.

On January 15, 1960, petitioner* and Reino Hyyppa entered into a written partnership agreement for the purpose of conducting a surveying and engineering business in the State of Connecticut. The agreement provided for the withdrawal from the partnership by one of the partners and for the sale of his interest to the remaining partner.

On August 16, 1974, petitioner and Hyyppa entered into a written agreement pursuant to which petitioner withdrew from the partnership effective August 4, 1974. Under the terms of the agreement, Hyyppa agreed to pay petitioner $10,000 for petitioner's interest in partnership equipment, $10,000 for good will, 50% of the accounts receivable and a percentage of profits for a specified term. On August 17, 1974, petitioner changed his domicile from Connecticut to New York and, between August 24 and December 12, 1974, received $50,000 from the Connecticut firm for work completed before August 2, 1974.

Petitioner and his wife filed a joint Federal income tax return for 1974. They did not file a New York State tax return for that year. On April 11, 1980, the Audit Division of the New York State Department of Taxation and Finance issued petitioner a notice of deficiency for $11,099.30, plus penalty and interest of $9,978.32, for a total sum of $21,077.62. The Audit Division based its computations on information furnished by the Internal Revenue Service on a Federal-State match card. After a formal hearing, respondent ruled that petitioner was subject to New York State income tax for 1974 and that the Audit Division had properly computed the tax owed. However, respondent granted the application for a refund to the extent that it canceled all penalties and allowed petitioner to use actual deductions for 1974 rather than the standard $2,000 deduction applied by the Audit Division. Petitioner challenged the determination by commencing this CPLR article 78 proceeding which has been transferred to this court.

---

* Petitioner Frances B. Megson is a party solely because she filed a 1974 United States income tax return with her husband. All references to "petitioner" will be to Harry K. Megson.

Petitioner argues that his petition should be granted and the 1974 tax assessment annulled on the grounds (1) that the hearing officer incorrectly ruled that the burden of proof was on petitioner, (2) that the hearing officer erred in admitting into evidence the Federal match card, petitioner's 1974 1040 form, and the New York State dummy return prepared by the Audit Division, (3) that respondent erred in holding that petitioner's income for 1974 was subject to New York taxation, and (4) that respondent erred in not prorating his tax liability for his period of residency in New York during 1974. We address these issues *seriatim.*

Petitioner's contention that the case of *People ex rel. Monjo v State Tax Comm.* (218 App Div 1) requires that the burden of proof be placed on respondent because nonresident income is being taxed is without merit. In *Monjo,* the issue was the taxation of the income of a Connecticut resident by New York. Here, we are dealing with income of a New York resident. In such a case the Tax Law provides that the burden of proof is on petitioner (Tax Law, § 689, subd [e]). There are certain exceptions which are not applicable here. The constitutionality of this section has been upheld by the courts (see *Matter of Golden v State Tax Comm.,* 90 AD2d 941; *Matter of Psaty & Fuhrman v New York State Tax Comm.,* 84 AD2d 618).

Turning to the admissibility of the Federal match card, petitioner's 1040 form, and the return prepared by the Audit Division, we note that while subdivision 2 of section 306 of the State Administrative Procedure Act provides that "[a]ll evidence, including records and documents in the possession of the agency * * * shall be offered and made a part of the record, and all such documentary evidence may be received in the form of copies", it has long been the rule in New York that at an administrative hearing "no essential element of a fair trial can be dispensed with unless waived" (*Matter of Hecht v Monaghan,* 307 NY 461, 470). Clearly, this standard was met here. Petitioner was not deprived of his right to cross-examine witnesses, to inspect documents or offer evidence in rebuttal. Regarding the use by respondent of the 1040 form copy and dummy tax return prepared by the Audit Division, petitioner had access to the original information and chose not to use it. We are constrained to conclude that petitioner was not denied any essential element of a fair trial.

Petitioner's principal contention is that his partnership income is not subject to New York taxation. Initially, petitioner's contention that Connecticut law must apply to this case overlooks the fact that both Connecticut and New York have adopted

the Uniform Partnership Act. The Connecticut laws cited by petitioner have their exact counterparts in this State's Partnership Law. Since petitioner concedes that he became a New York State domiciliary on August 17, 1974 and lived in New York for the remainder of the year, the general principle of New York law that income of a domiciliary is taxable wherever it is earned is applicable here (see *Matter of Babbin v State Tax Comm.*, 67 AD2d 762). We also reject petitioner's contention that he is not subject to New York taxation for 1974 because the Connecticut partnership was terminated when he sold his interest prior to moving to New York. Internal Revenue Code regulations state that, "A partner retires when he ceases to be a partner under local law. However, for the purposes of subchapter K, chapter 1 of the Code, a retired partner * * * will be treated as a partner until his interest in the partnership has been completely liquidated" (Treas Reg, § 1.736-1 [a] [1] [ii]). Further, section 736 of the Internal Revenue Code (US Code, tit 26) provides that payments made upon liquidation of the interest of a retiring partner shall be considered as a distributive share if based on the income of the partnership.

Since the partnership return for 1974 lists a capital account for petitioner of $7,563.93 at the end of 1974, and the 1974 agreement provided that petitioner was to receive 50% of the firm's profits until December 31, 1975 if he survived, we conclude that there was substantial evidence in the record to support respondent's finding.

Petitioner's final argument is that if he is to be taxed by New York on his partnership income, the tax must be prorated for his period of residency in the State. We respond to this contention by noting that the regulations of the Department of Taxation and Finance state that: "Where * * * a member of a partnership * * * changes [his] resident status from resident to nonresident, or vice versa, the distributive share of partnership income * * * must be included in the computation of New York taxable income * * * for the portion of the taxable year in which or with which the taxable year of the partnership ends, and treatment of the distributive share * * * for New York State personal income tax purposes must be determined according to the status of such individual * * * as a resident or nonresident at such time. *The distributive share of income, gain, loss and deduction of such individual * * * is not prorated between the separate New York State resident and nonresident income tax returns required under this Part*" (20 NYCRR 148.6; emphasis added).

Petitioner's reliance on *Matter of McLaughlin v New York State Tax Comm.* (87 AD2d 712) is misplaced, since that case

involved an alien with an interest in a foreign partnership who became a resident of New York State. In such case, the taxpayer's adjusted gross income, pursuant to Federal income tax laws, did not include income from the foreign partnership. New York adjusted gross income is based on Federal adjusted gross income (Tax Law, § 612), and it was for that reason that the foreign partnership income could not be taxable for purposes of New York State income tax.

We are constrained to conclude that petitioner's entire partnership income was properly subjected to New York taxation by respondent.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.