■ In the Matter of SPARTACUS DELIA, Petitioner, v RODERICK G. W. CHU et al., Constituting the State Tax Commission, Respondents. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained an unincorporated business income tax assessment imposed pursuant to article 23 of the Tax Law.

The State Tax Commission determined that two parcels of real property used as quarries were employed by petitioner in an unincorporated business, subjecting the gain from their sale to unincorporated business income tax.

It is petitioner's contention that he owned the two quarries and leased them to a corporation, E. G. Delia & Sons Construction Corporation of which he was president and sole stockholder, and that it was this entity that conducted the quarry business on the two properties. He contends that the sale of the land should thus be considered a capital gain.

Petitioner filed New York State personal income tax and unincorporated business income tax returns for 1974. On his personal income tax return, he claimed a capital gain on the sale of the two quarries, one owned by him and one on which he had a long-term lease of 99 years. His unincorporated business income tax return stated that he was in the wholesale business, doing business as S. Delia Construction Company, and that his product was "shot rock". On this return he also claimed business expenses of $16,536 for depreciation of machinery used in the business.

A notice of deficiency was issued to petitioner for additional unincorporated business income tax due for 1974 in the amount of $31,096, plus interest of $5,814.95, on his capital gain of $565,375 from the sale of his quarry interests. An administrative hearing on petitioner's request for a redetermination was held on August 10, 1982 at which petitioner testified that he was not operating the quarries as a business. He submitted a copy of corporate minutes dated November 16, 1968 of the E. G. Delia & Sons Construction Corporation in which the corporation decided to reimburse petitioner for the use of his quarry lands. It was also disclosed at the hearing that petitioner had an asphalt operation at both quarries from which he realized income which was reported on his unincorporated business income tax return. He made a request for a refund of a portion of the unincorporated business income tax which he paid in 1974 for sale of shot rock, which he claimed was exempt as royalties. Petitioner did not seek a refund for the unincorporated business income tax paid on the asphalt operation.

The issue here is whether the Tax Commission's determination sustaining the notice of deficiency was supported by the record. The burden of demonstrating that a deficiency assessment is erroneous is on a petitioner (Tax Law, § 689, subd [e]). If there are any facts or reasonable inferences from the facts to support the Tax Commmission's determination, it must be confirmed (*Matter of Levin v Gallman,* 42 NY2d 32, 34). Petitioner contends that his accountant made a mistake in listing his principal business activity as shot rock and for seeking depreciation for machinery which his accountant incorrectly identified as equipment owned and used by petitioner for producing shot

rock when, in fact, the machinery was for use in his asphalt business.

The duty to weigh and resolve conflicting testimony is within the scope of review of the Tax Commission (*Matter of Del-Met Corp. v State Tax Comm.*, 102 AD2d 312). The Tax Commission resolved against petitioner the conflict reflected in his tax returns and which he attempted to explain away as accounting errors. Petitioner's tax returns and the fact that petitioner admittedly operated asphalt operations on the two quarry sites supports the Tax Commission's holding that petitioner was operating a business on the properties and was more than a mere lessor of the quarries (cf. *Matter of Marine Midland Bank v State Tax Comm.*, 47 AD2d 795). This holding is further supported by the fact that petitioner did not seek a refund of unincorporated business income taxes paid by him for the operation of the asphalt business. Petitioner failed to prove that he had not engaged in the quarry properties as an unincorporated business.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.