■ In the Matter of SALVATORE CARDINALE, Petitioner, v RODERICK W. CHU et al., Constituting the State Tax Commission, Respondents. — Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a personal income tax assessment imposed under Tax Law article 22.

Petitioner was at all times in question the sole shareholder of Cardinal Motors, Inc., a retail distributor of Honda motorcycles. The only officers of the corporation were petitioner, as president, and his wife, as secretary. The Department of Taxation and Finance began an audit investigation of the corporation's sales taxes. During the audit relative to sales taxes, the Department discovered what it concluded to be a deficiency in petitioner's personal income taxes for the years 1975 and 1976. During those two years, the corporation issued checks in the total amount of $58,300 to petitioner without explanation. Those checks were drawn on the corporation's account by petitioner and issued to himself.

Petitioner contends that the funds were for the repayment of loans to the corporation either from himself or from friends. An additional aspect of the deficiency was based upon checks written to petitioner from the corporation's payroll account, which totaled more than the salary reported by petitioner on his personal income tax returns.

Petitioner demanded a hearing before the State Tax Commission for a redetermination of the deficiency. The deficiency was sustained, except for that portion charged as a penalty for alleged fraudulent nonreporting of income. This CPLR article 78 proceeding ensued.

Petitioner does not now contest any part of the deficiency except that based upon those checks issued to him which he contends were for the repayment of loans. In contesting the Department's assertion that the checks constituted income rather than repayment of loans, however, he offered no proof except his own nonspecific testimony. There was no written evidence of debt, no bookkeeping entries and no testimony of third persons who had allegedly made the loans. Petitioner has failed to meet his burden of proof under Tax Law § 689 (e) to refute the income tax deficiency (*see, Matter of Nicholls v State Tax Commn.,* 101 AD2d 950, 950-951; *Matter of Psaty & Fuhrman v New York State Tax Commn.,* 84 AD2d 618, 619; *Matter of Tavolacci v State Tax Commn.,* 77 AD2d 759, 760). The undisputed evidence of the checks issued to and endorsed by petitioner, absent any cogent proof to the contrary, constitutes substantial evidence to support the Tax Commission's finding of additional income and the imposition of a tax deficiency against petitioner (*see, 300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176, 181).

We reject petitioner's argument that the Tax Commission is, in essence, illegally declaring dividends from the corporation to petitioner, the sole shareholder. Nowhere in the record does the Tax Commission contend that any obligation existed on the part of the corporation to declare a dividend. It is irrelevant, as to petitioner's burden of proof, whether the income is characterized as salary, dividends or any other form of income.

Determination confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.