■ In the Matter of ROBERT SCARPULLA et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

Robert Scarpulla and his wife, Joanne, petitioners herein, jointly filed New York State income tax returns for the years 1978 and 1979. Robert Scarpulla was the owner and operator of a fuel oil business in the City of Rochester during the years in question. A source and application audit of petitioners' 1978 and 1979 tax returns was performed and, as a result thereof, the State Department of Taxation and Finance issued a notice of deficiency to petitioners in the amount of $24,152.12. Petitioners contested the deficiency and a hearing was held. At the hearing, two of the Department's auditors testified and introduced into evidence the materials and facts on which they had relied in conducting the audit. Petitioners called three witnesses who testified as to various expenditures and sources of funds. Respondent found in part for petitioners and accordingly modified the deficiency assessment. Petitioners

then commenced this CPLR article 78 proceeding to review respondent's determination.

Petitioners' contention that the determination was not supported by substantial evidence is rejected. The determination should be confirmed and the petition dismissed. Petitioners had the burden of proving at the hearing by clear and convincing evidence that the deficiency assessment was erroneous (see, Tax Law § 689 [e]; *Matter of Levin v Gallman*, 42 NY2d 32, 34; *Matter of Delia v Chu*, 106 AD2d 815, 816; *Matter of Surface Line Operators Fraternal Org. v Tully*, 85 AD2d 858, 859). The burden was not upon the Department to demonstrate the propriety of the deficiency (see, *Matter of Nicholls v State Tax Commn.*, 101 AD2d 950). "[I]f there are any facts or reasonable inferences from the facts to support [respondent's] determination, the assessment should be confirmed" *(Matter of Levin v Gallman, supra*, p 34; see, *Matter of Lionel Leasing Indus. Co. v State Tax Commn.*, 105 AD2d 581, 583).

In the instant case, the Department submitted evidence to support its deficiency assessment. Petitioners introduced evidence to refute the assessment's accuracy. It was for respondent to weigh and resolve the conflicting evidence (see, *Matter of Delia v Chu, supra*, p 817). There is nothing in the record to indicate, as petitioners claim, that respondent did not consider any of the evidence submitted by petitioners at the hearing, only that respondent did not accept some of the evidence. Such action was within respondent's province.

Petitioners have thus failed to demonstrate that the deficiency assessment was improper and there is substantial evidence in the record to support respondent's determination (see, *Matter of Shmaruk v State Tax Commn.*, 79 AD2d 832). Petitioners' argument that the errors in the audit found at the hearing invalidate the remainder of the assessment which was upheld by respondent must be rejected (see, e.g., *Matter of Skiadas v State Tax Commn.*, 95 AD2d 971; *Matter of Markowitz v State Tax Commn.*, 54 AD2d 1023, affd 44 NY2d 684).

Finally, petitioners' claim of an inaccuracy in the figures of the Department's auditors in calculating expenditures from their personal savings account at First Federal Savings and Loan Association cannot be considered on this review since petitioners failed to raise the issue at the hearing and have thus waived it (see, *Matter of Freer v State Tax Commn.*, 98 AD2d 834).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.