■ In the Matter of ELIO J. IPPOLITO, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under Tax Law article 22.

At issue in this proceeding is whether petitioner is entitled to State tax deductions for contributions he made to Scarborough School, Inc. (hereinafter the school), during the years 1979 and 1980. The school was granted Federal tax-exempt status as an educational institution in 1943. From 1943 to October 1978 the school was listed in Internal Revenue Service Publication No. 78 (hereinafter Publication No. 78), which lists approved organizations to which taxpayers may make tax-deductible charitable contributions under section 170 of the Internal Revenue Code (26 USC § 170). The school experienced financial difficulties and did not open for classes in

September 1978. The school never reopened and was subsequently dissolved in April 1981.

Petitioner, who had served as president of the school for an unspecified period of time, made contributions of $46,823.90 to the school in 1979 and $9,637.47 in 1980. He claimed these contributions as charitable deductions on his tax returns for those years. The Audit Division of the Department of Taxation and Finance determined that the contributions to the school were not deductible and thus issued petitioner a notice of deficiency in the amount of $7,246.50 plus interest. Respondent sustained the assessment, concluding that petitioner failed to prove that the school was an exempt organization during 1979 and 1980. This proceeding, transferred to this court pursuant to CPLR 7804 (g), ensued.

Petitioner bears the heavy burden of proving that respondent's assessment was erroneous (see, Tax Law § 689 [e]; *Matter of Levin v Gallman,* 42 NY2d 32, 34; *Matter of Scarpulla v State Tax Commn.,* 120 AD2d 842, 843). A New York taxpayer may claim a deduction on his State return for items taken as deductions on his Federal return (Tax Law § 615). This includes deductions for charitable contributions made to qualified tax-exempt organizations (see, 26 USC § 170). A list of such organizations is provided by Publication No. 78, which has been called the "official roster of tax-exempt organizations" *(Jones Univ. v Simon,* 416 US 725, 729). The school was dropped from Publication No. 78 after it closed in 1978.

Petitioner asserts that he should not be precluded from claiming the deduction since he did not know of the change in the tax status of the school. Contributions made to an organization after it ceases to qualify as an exempt organization are not allowed when the taxpayer was in part responsible for, or was aware of, the activities or deficiencies which gave rise to the loss of qualification (Rev Pro 82-39, 1982-2 Cum Bull 759). Petitioner is a former officer of the school and personally paid some of the school's creditors after the school had closed in 1978. He was aware that the school had ceased functioning as a school. Hence, his alleged lack of actual knowledge that the school had been dropped from Publication No. 78 does not entitle him to the charitable deductions he seeks.

Petitioner has failed to come forward with affirmative proof that the school was, in fact, an exempt organization during the years in question. Respondent's determination must therefore be confirmed.

Determination confirmed, and petition dismissed, without

costs. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.