■ In the Matter of DANI JACOBSON, Petitioner, v STATE TAX COMMISSION, Respondent.—Main, J. P. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a personal income tax and unincorporated business tax assessment imposed under Tax Law articles 22 and 23.

In this case, petitioner seeks annulment of respondent's determination sustaining the assessment of additional personal income tax and unincorporated business tax on unreported income for the years 1977 through 1979. During those years, petitioner operated a service station in Syracuse. In 1981, a source and application audit* was conducted by the Department of Taxation and Finance, apparently prompted by petitioner's low net profit for the years in question, high interest income in 1979 and method of maintaining records. This audit revealed that petitioner had applications of funds exceeding his sources of funds, and a notice of deficiency was issued on this basis. Petitioner sought redetermination and a

---

* In a source and application audit, cash receipts for a given year are compared with cash expenditures for that year to determine whether there is an excess of expenditures over receipts which might indicate unreported income.

hearing was held. At the hearing, petitioner contended that a nontaxable source was responsible for the excessive expenditures. According to petitioner, he brought $40,000 with him from Israel in 1966 which he had saved during the two years of full-time work and five years of part-time work in that country prior to his emigration. Further, he brought $35,000 from Israel in 1973 which represented a bequest from his father. He asserted that he did nothing with this money until 1979, when he began investing it. Respondent rejected this explanation, finding it incredible, and sustained the notice of deficiency except as to that portion imposing a fraud penalty on petitioner. This CPLR article 78 proceeding ensued.

Initially, petitioner apparently asserts that the source and application audit method is improper and unreliable and should not have been utilized. However, petitioner never raised this issue at the administrative hearing, and he may not now raise the issue in this proceeding (see, Matter of Hennekens v State Tax Commn., 114 AD2d 599, 600). At any rate, we find no error in the utilization of the source and application audit method with respect to this petitioner. While the method is not considered to be the most reliable audit method, its use is appropriate when a taxpayer's records are inadequate for the determination of his income (see, 2 Mertens, Law of Federal Income Taxation § 12.115). The auditor involved in this matter stated that a source and application audit was necessary in part because petitioner used an unreliable method of maintaining his records, and we find no error in his determination.

Petitioner's main contention is that respondent erred in sustaining the notice of determination insofar as it found that petitioner owed tax on unreported income because the evidence presented at the administrative hearing clearly was in petitioner's favor. We disagree. Petitioner was required to show by clear and convincing evidence that the deficiency assessment was erroneous (see, Tax Law § 689 [e]; Matter of Scarpulla v State Tax Commn., 120 AD2d 842, 843), and if there are any facts or reasonable inferences from the facts to support respondent's determination, it must be upheld (see, supra; Matter of Delia v Chu, 106 AD2d 815; Matter of Nicholls v State Tax Commn., 101 AD2d 950). Here, petitioner presented his own testimony, his attorney's testimony, his bookkeeper's testimony and the affidavits of his sister and brother-in-law in Israel. With respect to petitioner's testimony, the credibility of a witness at an administrative hearing is a matter for respondent's resolution (see, Matter of

*Bachman v State Tax Commn.,* 89 AD2d 679). Respondent rejected petitioner's explanation that he had brought $75,000 from Israel and that that money was the source of his excess funds, and we see no reason to disturb respondent's finding in that regard. Petitioner provided no documentary evidence to establish the source of his funds in Israel. Furthermore, his testimony that a number of his friends in Israel each exchanged some of his Israeli currency for American dollars was refuted by evidence that, during the relevant times, Israel permitted Israeli citizens to make such an exchange only upon proof of import of specific plans for foreign travel. Even then, exchange was limited to 450 American dollars. Finally, it is undisputed that petitioner did not make a customs declaration of these funds at the time he allegedly brought them to the United States. Accordingly, respondent could reject petitioner's testimony.

With respect to the remaining evidence, it is for respondent to weigh the evidence presented and resolve conflicting evidence *(see, Matter of Scarpulla v State Tax Commn., supra; Matter of Delia v Chu, supra),* and it was within respondent's province to reject the evidence. Contrary to petitioner's assertion, nothing in the record indicates that respondent did not consider the other testimony proffered by petitioner.

In all, we find that petitioner has not met his burden of showing by clear and convincing evidence that the assessment of additional personal and unincorporated business tax was erroneous. Accordingly, respondent's determination should be confirmed.

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Weiss, Mikoll and Harvey, JJ., concur.

