■ In the Matter of THOMAS GIORGIO, Respondent, v RICHARD A. BUCCI, as Mayor and Commissioner of Public Safety of the City of Binghamton, et al., Appellants. [667 NYS2d 484] —Crew III, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered April 4, 1997 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's request to, *inter alia*, restore his disability retirement benefits under General Municipal Law § 207-a.

On January 14, 1996, petitioner filed an application for General Municipal Law § 207-a benefits as the result of injuries he allegedly received on January 13, 1996 as a firefighter for respondent City of Binghamton in Broome County. Petitioner's application was approved and he received such benefits until May 23, 1996, when a designee of respondent Mayor and Commissioner of Public Safety notified petitioner that his benefits were being terminated based upon newly discovered evidence that his condition predated the January 13, 1996 incident.

Petitioner thereafter commenced a CPLR article 78 proceeding to compel restoration of his benefits, which he discontinued after respondents agreed to restore his benefits and grant him a pretermination hearing. At the conclusion of that hearing the Hearing Officer, respondent Comptroller and Director of Finance, upheld the denial of benefits upon the ground that petitioner's injury was not the result of the work-related incident on January 13, 1996.

Petitioner then commenced the instant proceeding seeking reinstatement to the City's payroll, restoration of his sick leave, vacation days, holidays and personal leave days, and a declaration that respondents' administrative procedure was unconstitutional. Respondents moved to dismiss the petition upon the grounds that the matter was not ripe for review and, further, that petitioner had failed to exhaust his administrative remedies. Alternatively, respondents sought leave to serve an answer. Supreme Court denied both respondents' motion to dismiss and the request to serve an answer and granted the petition. Respondents now appeal.

As a starting point, we reject respondents' contention that this matter is not ripe for judicial review. There can be no doubt that the Hearing Officer's decision upholding respondents' termination of petitioner's benefits was final and binding and that such termination has inflicted an actual, concrete injury (*see, Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519, *cert denied* 479 US 985). While respondents argue that petitioner has suffered no injury inasmuch as he remains on the City's payroll, this overlooks the fact that petitioner's accumulated leave time is being exhausted in the interim. We further reject respondents' contention that petitioner has failed to exhaust his administrative remedies. While it is true that petitioner has a right to an administrative appeal from the pretermination decision, where, as here, petitioner challenges respondents' action as unconstitutional, he is entitled to seek judicial review without appealing that decision (*see, Matter of Hakeem v Wong*, 223 AD2d 765, *lv denied* 88 NY2d 802).

Turning to the merits, we concur with Supreme Court's determination that petitioner was denied the right to a full evidentiary hearing prior to the termination of his benefits. Specifically, petitioner was not allowed to confront and cross-examine witnesses or offer evidence in his own behalf, thereby denying him due process of law (*compare, Matter of Megson v New York State Tax Commn.*, 105 AD2d 481, 482).

As a final matter, we find no error in Supreme Court's denial of respondents' request for leave to file an answer. Here, respondents fully apprised Supreme Court of all relevant arguments in connection with the petition making it unnecessary to grant leave to serve an answer (*see, Matter of Davila v New York City Hous. Auth.*, 190 AD2d 511, 512, *lv denied* 87 NY2d 801). We have considered respondents' remaining arguments and find them to be without merit.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.